E. BAUMGARTNER, *Petitioner,* vs. R. T. JOUGHIN, as Sheriff of Hillsborough County, Florida, *Respondent.*

143 So. 436.

En Banc.

Opinion filed October 3, 1932.

*Dickenson & Lake,* for Petitioner;
*Charles F. Blake,* for Respondent.

UPON CONSIDERATION OF EXTRAORDINARY MOTION FOR A REHEARING.

PER CURIAM.—On April 26, 1932, we ordered the petitioner herein remanded to serve the sentence imposed upon

him by Circuit Judge L. L. Parks for contempt of court in improperly approaching a juror. A rehearing of that order was denied, but upon counsel's motion presenting an extraordinary application for rehearing, permission to file briefs in support of such extraordinary motion was given, in order that the court might be fully satisfied before its judgment became final, that its judgment of remand was correct.

Further consideration of the case fails to convince us that we erred in our first conclusions.

The return to the writ of habeas corpus shows that the cause of detention is a contempt, plainly and specifically charged in the commitment by the Circuit Judge. Under the statute, such showing is sufficient to warrant and require a remand of the prisoner (Section 5439 C. G. L., 3575 R. G. S.) unless it is in some way made to appear from the record supporting the commitment, which record is a part of the "charge" within the meaning of the statute, that the commitment is illegal.

The order of commitment recites that there was a "full hearing of this matter" before the Circuit Judge; that the Circuit Judge "having heard the testimony in the matter and having read the answer or return filed by the respondent" and having "offered to allow the respondent the privilege of cross examination of the witnesses adduced against him" and respondent being allowed to "introduce such testimony by witnesses as he might think proper" and respondent having availed himself of none of the opportunities to refute the charge made against him by the rule nisi, that the allegations set forth in the Rule Nisi issued by the Court, had been found by the Court "proven and substantiated by the evidence."

We cannot presume against the validity of the judgment of commitment in the face of such recitals in the order of commitment. If the recitals are untrue, that

fact should have been demonstrated by other than the mere assertions of petitioner to that effect, either in his briefs or in his petition. There is nothing to preclude the taking of a bill of exceptions as to any matter *in pais* in a contempt case, for the purpose of preserving the evidence and other evidentiary steps, upon which the contempt hearing is to be had. No bill of exceptions was taken in this case, nor does it anywhere appear of record that the recitals of the Circuit Judge are untrue. If they are true, then there is ample cause for the commitment, as we have heretofore held. For the purpose of this habeas corpus, which is a collateral attack on the contempt proceedings, we must presume that the recitals of the order of commitment are true, especially in view of the statute to which we have made reference.

The gist of the offense was stated in the Rule Nisi, which operates as the *charge*. How the Circuit Judge arrived at the basis of this *charge*, whether by testimony taken in chambers, personal view or hearsay report, is utterly immaterial to the validity of a subsequent commitment for contempt which the record shows was duly heard and determined against contemnor after a "full" hearing, with opportunity to him to defend.

Other points reargued are fully discussed in our original opinion of April 26, 1932, which is here adhered to and reaffirmed.

Extraordinary motion for rehearing denied.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.