*Ex Parte* JOHN D. CREWS.

173 So. 275.
Opinion Filed February 13, 1937.
Rehearing Denied March 25, 1937.

*Pine & Giblin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—This is an original habeas corpus proceeding.

The record shows that George A. Worley as State's Attorney in and for the Eleventh Judicial Circuit of Florida in the Circuit Court of Dade County, filed an information charging John D. Crews with the offense of contempt of court. The charging part of the information was as follows:

"On the 11th day of June, A. D. 1936, in Dade County, Florida, one John D. Crews approached one Mrs. Olive Wofford, wife of John B. Wofford, parties defendant in a certain cause pending in a certain court of the Eleventh Judicial Circuit of Florida, in and for Dade County, wherein Patricia Wofford, a married woman, joined by her husband and next friend, Tatem Wofford, and Tatem Wofford, individually, were plaintiffs, and John B. Wofford and Olive Wofford, his wife, and Wofford Hotel Corporation were defendants, the said cause bearing file number 41348-B, and with intent to bring this Court into disrepute spoke of and concerning the Honorable Worth W. Trammell, Judge of this Court, and represented and pretended to her, the said Olive Wofford, that he, the said John D. Crews, could corrupt this Court and could influence the decision and judgment of the Court by the payment of money, and did request the said Olive Wofford to pay to him, the said John D. Crews, the sum of Twenty-four Hundred Dollars ($2400.00) to be delivered to the said Judge of the said Court as a bribe to corruptly influence the judgment and decision of this Court; that such conduct on the part of him, the said John

D. Crews, was wilful and contemptuous and tended to bring this Court into disrepute;"

The affidavit attached to the information was as follows:

"Before me, the undersigned authority, personally appeared G. A. Worley, who being by me first duly sworn, deposes and says: That he is the qualified and acting State Attorney of the Eleventh Judicial Circuit of the State of Florida, that he signed the above and foregoing Information and knows the contents thereof, and that the allegations therein contained are based upon facts sworn to as true, and that in the opinion of the Affiant such facts, if true, constitute criminal contempt.".

There was a motion to discharge the rule issued pursuant to the above information. Motion to discharge was denied. Judgment was entered in the following language:

"A rule or order heretofore issued out of this Court wherein and whereby the above named defendant or respondent, John D. Crews, was commanded and required to show cause before this Court on Wednesday, the 24th day of June, A. D. 1936, at two o'clock in the afternoon, why he should not be adjudged in contempt of this Court because and by reason of the matters and things alleged and set forth in and by the Information heretofore filed herein by the State Attorney of the Eleventh Judicial Circuit of the State of Florida.

"On Wednesday, the 24th day of June, A. D. 1936, at two o'clock in the afternoon, the said defendant or respondent (upon whom the said rule or order had theretofore been duly served), accompanied by counsel, appeared before the Court and filed herein his motion to discharge the said rule or order. The said motion, after argument thereon by counsel for the respective parties and consideration thereof by the Court, was, on the 24th day of June, A. D. 1936,

denied by the Court, as by the record of this proceeding will appear; whereupon the said defendant or respondent, by and through his counsel, announced and stated to the Court that he declined and refused to further respond to, or answer, the said rule or order of the said Information.

"Now, therefore, inasmuch as the said defendant or respondent has not made herein any denial of any of the matters and things alleged and set forth in and by the said information and has not made herein any response, answer or defense to the said rule or order, other than the said denied motion and testimony having been taken to sustain the allegations of said Information:

"It is, by the court, adjudged that the said defendant or respondent, John D. Crews, is guilty of a contempt of this Court by reason and because of the said matters and things alleged and set forth in and by the said information; and it is, by the Court, ordered, and adjudged that for such contempt he shall suffer imprisonment in the County jail of Dade County, State of Florida, for the period of 120 days."

Thereafter an order of contempt was entered in the following language:

"THE STATE OF FLORIDA TO D. C. COLEMAN, ESQ., SHERIFF OF DADE COUNTY, STATE OF FLORIDA, GREETING:

"*Whereas,* a rule or order heretofore issued out of this court wherein and whereby the above named defendant or respondent, John D. Crews, was commanded and required to show cause before this Court on Wednesday, the 24th day of June, A. D. 1936, at two o'clock in the afternoon, why he should not be adjudged in contempt of this Court because and by reason of the matters and things alleged and set forth in and by the information heretofore

filed herein by the State Attorney of the Eleventh Judicial Circuit of the State of Florida; and,

"*Whereas,* on Wednesday, the 24th day of June, A. D. 1936, at two o'clock in the afternoon, the said defendant or respondent (upon whom the said rule or order had theretofore been duly served), accompanied by counsel, appeared before the Court and filed herein his motion to discharge the said rule or order. The said motion after argument thereon by counsel for the respective parties and consideration thereof by the Court, was, on the 24th day of June, A. D. 1936, denied by the Court, as by the record of this proceeding will appear; whereupon the said defendant or respondent, by and through his counsel, announced and stated to the Court that he declined and refused to further respond to or answer, the said rule or order of the said information; and

"*Whereas,* inasmuch as the said defendant or respondent made no denial of any of the matters and things alleged and set forth in and by the said information and made no response, answer or defense to the said rule or order, other than said denied motion; and

"*Whereas,* it was, by the Court, on the 25th day of June, A. D. 1936, adjudged that the said defendant or respondent, John D. Crews, is guilty of contempt of this Court by reason and because of the matters and things alleged and set forth in and by the said information; and it was, by the Court, on the said last mentioned date, ordered and adjudged that for such contempt he should suffer imprisonment in the County Jail at Dade County, State of Florida, for the period of 120 days;

"Now therefore, this is to command you, D. C. Coleman, as Sheriff of Dade County, State of Florida, personally or by one of your deputies, to take into custody said

defendant or respondent, John D. Crews, and commit him to the County Jail of Dade County, State of Florida, and there keep him imprisoned for the period of 120 days."

Upon being committed, petitioner filed his petition in this court. Respondent filed his return here setting up the record of the conviction of the petitioner of contempt of court as hereinabove stated.

It is settled in this jurisdiction that habeas corpus does not lie to correct mere irregularities of procedure, where there is jurisdiction, and in order to sustain the writ, there must be illegality or want of jurisdiction. *Ex Parte* Pitts, 35 Fla. 149, 17 Sou. 76; *Ex Parte* Prince, 27 Fla. 169, 9 Sou 659, *Ex Parte* Senior, 37 Fla. 1, 19 Sou. 652.

In 6 R. C. L. 540, it is said:

"Since a writ of habeas corpus is a collateral remedy, and as the judgment of a court of competent jurisdiction upon a matter within its jurisdiction cannot be collaterally impeached, it naturally follows that in contempt proceedings, no question of jurisdiction being raised or involved, a conviction or commitment for contempt cannot be reviewed by means of this writ."

It is the contention of petitioner that because the affidavit was not made upon the personal knowledge of the prosecutor it is not sufficient to have given the Circuit Court jurisdiction to determine the issue sought to be presented thereby. We cannot agree with this contention.

As has been shown by the copy of the information hereinbefore set forth, the information charges that on the 11th day of June, 1936, in Dade County, Florida, one John D. Crews approached one Mrs. Olive Wofford, wife of John B. Wofford, parties defendant in a certain cause pending in a certain court of the Eleventh Judicial Circuit of Florida in and for Dade County * * * and with intent to bring this

Court into disrepute, spoke of and concerning the Honorable Worth W. Trammell, Judge of this Court, and represented and pretended to her, the said Olive Wofford, that he, the said John D. Crews, could corrupt this court and could influence the decision and judgment of the court by payment of money and did request the said Olive Wofford to pay him, the said John D. Crews, the sum of Twenty-four Hundred Dollars ($2,400.00) to be delivered to the said Judge of the said court as a bribe to corruptly influence the judgment and decision of the court. And it charges that this conduct on the part of him, the said John D. Crews, was wilfull and contentious and tended to bring this court into disrepute.

It is true that the affidavit alleged that the allegations of the information are based upon facts sworn to as true and that in the opinion of the affiant such facts are true and constitute a criminal contempt.

The information is unlike that in Gandy v. State of Nebraska, 13 Neb. 445, 14 N. W. 163; because in that case the information did not allege the overt act constituting the contempt. The language is, "did wilfully attempt to obstruct the proceedings and hinder the due administration of justice in said suit then and there depending on trial as aforesaid before the said District Court in this, to-wit, by attempting to procure one George A. Abbott, Jerry Ackerman and other persons whose names are to this affiant and informant unknown, to unlawfully seek, strive and attempt to corrupt and influence the jurors, to-wit (naming them) etc."

In the instant case it is specifically alleged that Crews with intent to bring the Court into disrepute spoke of and concerning the Honorable Worth W. Trammell, Judge of the Court, and represented and pretended to the said Olive

Wofford and "he, the said John D. Crews, could corrupt this court and could influence the decision and judgment of the court by the payment of money, and did request the said Olive Wofford to pay to him, the said John D. Crews, the sum of Twenty-four Hundred Dollars ($2400.00) to be delivered to the said Judge of the said court as a bribe to corruptly influence the judgment and decision of this court."

It is true that in *Ex Parte* Biggers, 85 Fla. 322, 95 Sou. 793, it was held:

"In contempt proceedings at common law the general rule is that if the matters complained of were not perpetrated in the presence of the court or judge or so near the court or judge as to impede or embarrass judicial procedure, the rule issued to the accused to show cause why he should not be punished for contempt, should be predicated upon affidavits of those who have personal knowledge of the facts alleged as the contempt. If the charge is not so predicated the rule should be discharged or quashed upon appropriate motion. See 13 C. J. 64, *et seq.*"

This language; however, must be construed in *pari materia* with the facts of that case, the salient fact being that it appears from the record that the court took judicial cognizance of the alleged contemptuous acts and issued a rule *nisi* based upon that judicial cognizance only. While in the instant case the rule *nisi* was based upon an Information filed by the State's Attorney. A proceeding for contempt is a criminal proceeding in its nature and is to be prosecuted by the rules governing criminal prosecutions.

Section 15, Article V, of the Constitution provides:

"The Governor, by and with the consent of the Senate, shall appoint a State Attorney in each Judicial Circuit,

whose duties shall be prescribed by law, and who shall hold office for four years."

Section 6058 R. G. S., 8363 C. G. L., provides as follows:

"No person shall be tried for felony in the Circuit Court except upon indictment found by the grand jury, but every misdemeanor of which the circuit court has jurisdiction may be tried upon indictment by the grand jury or upon information filed by the duly authorized prosecuting officer of the circuit court. In the criminal courts of record all criminal cases shall be tried upon information filed by the county solicitor, and in the county courts upon information filed by the prosecuting attorney or upon indictment by the grand jury."

In State, *ex rel.* Melson v. Peeler, 107 Fla. 615, 146 Sou. 188, we held: "The jurat states 'that the allegations set forth in the' forgery informations 'are based upon facts that have been sworn to as true,' which is sufficient to show the county solicitor filed the informations after appropriate affidavits had been filed as a basis for the informations."

It follows that if such verification of an information charging a felony is sufficient, then certainly such verification should and will be held sufficient when charging a contempt of court. See Hurley v. Commonwealth, 188 Mass. 443, Vol. 3, Am. & Eng. Cases, Ann. pages 757, and cases there cited.

It may be said broadly, but certainly, that any act which is calculated to embarrass, hinder or obstruct the court in the administration of justice, or which is calculated to lessen its authority or its dignity, is a contempt. McCarthy v. Hugo, 82 Conn. 262, 73 Atl. 778; Dahnka v. People, 168 Ill. 102, 48 N. E. 137. The test is not the physical propinquity of the act to the court but its tendency to directly affect the administration of justice. U. S. v. Toledo News-

paper Co., 220 Fed. 458, affirmed 237 Fed. 986. *In re* Dill, 32 Kan. 668, 5 Pac. 39, 39 Am. Rep. 505; Smythe v. Smythe, 28 Okla. 266, 144 Pac. 257; *in re* Fite, 11 Ga. A. 665, 76 S. E. 397; Gordon v. Commonwealth, 141 Ky. 461, 133 S. W. 206.

We hold that the language of the Information is entirely sufficient to allege a contempt; that the filing of the Information gave the Court jurisdiction.

The motion for final judgment, the return notwithstanding is denied and the petitioner remanded to the custody of the Respondent.

ELLIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (concurring).—Cases of tampering or attempting to tamper, with jurors, have been held to constitute contempt of court for which punishment may be inflicted in due course of contempt procedure. Wilson v. Joughin, 105 Fla. 353, 141 Sou. Rep. 182; Baumgartner v. Joughin, 105 Fla. 335, 141 Sou. Rep. 185. It is equally reprehensible, and likewise subject to punishment, for a person to represent to another that he has ability to exercise undue influence over a judge having a controverted matter pending before him, by exerting such undue influence in a personal way not countenanced by law, whether same is done for reward or pecuniary consideration or not. This case comes within the rule of the Baumgartner case, *supra,* although it relates to the Judge and not to jurors as being subjects of improper influence.

## On Rehearing

Per Curiam.—This case is before us on petition for rehearing.

It is first contended that we overlooked and failed to give effect to the fact that the contemptuous conduct of the Petitioner did not obstruct, impede, restrict, impair, interfere with, delay, hinder or embarrass the cause of justice. This was not overlooked but it was specifically held in the opinion that the conduct charged against the Petitioner was calculated to bring the court into disrepute. The alleged conduct was calculated to destroy all respect for the court and whether or not it actually impeded justice is immaterial.

It is further contended that we also overlooked and failed to give effect to the fact that the punishment imposed by the lower court upon the Petitioner was and is cruel and unusual. This was not overlooked; in fact, far from assuming that it was cruel and unusual, we think it was very moderate punishment for the offense of which the Petitioner was shown to have been guilty.

The third contention is that the court was without power to impose a term of imprisonment exceeding ninety (90) days. We know of no such limitation applicable to Circuit Courts.

Petition for rehearing denied.

Ellis, C. J., and Whitfield, Buford, and Davis, J. J., concur.

Brown, J., concurs in the conclusion.