ON REHEARING GRANTED
SWANN, Judge.
Our previous opinion held that a rule to show cause should not issue solely on the basis of “unsworn hearsay statements” made in a tape recording. On petition for rehearing, it was correctly pointed out that this overlooked the decision of the Supreme Court in Baumgartner v. Joughin, 107 Fla. 858, 143 So. 436 (1932). We therefore substitute the following in lieu thereof:
Appellant, Donald Diebert, defendant below, seeks review of a judgment finding him guilty of criminal contempt and a sentence of six months in the County Jail.
The State Attorney filed a petition for rule to show cause directed against the defendant on October 6, 1965, which alleged, in substance, that the defendant, with intent to bring the Criminal Court of Record of Dade County, Florida into disrepute, represented to certain named persons who were then charged with criminal matters in that court that upon the payment of a certain sum of money the appellant could corrupt and influence the court’s judgment. The petitioner claimed that the actions on the defendant’s part lessened the authority and dignity of the court and tended to bring the court into disrepute. Attached to the petition for rule to show cause was an affidavit by an assistant State Attorney. On the same day, the trial judge issued a citation and rule to show cause, directing the defendant to appear before that court at 3:00 P.M. on October 8, 1965. The citation and rule to show cause, together with the petition and supporting affidavit, were served upon the defendant on October 6, 1965.
At 3:00 P.M. on October 8, 1965, the defendant appeared with counsel before the trial judge and filed an answer to the rule, in which he denied each and every allegation of the rule and moved to strike the same on the ground that the petition was predicated upon statements of other persons not made in the presence of the defendant, and that none of the statements in the rule to show cause or affidavit in support thereof were made on the personal knowledge of the affiant. In addition, counsel for defendant filed a motion to produce and motion to quash the citation and rule to show cause. The court denied all the motions of the defendant and required him to go to trial, over the objections of defendant’s counsel that he had not had time to prepare an adequate defense nor had he *290 had sufficient time to discuss the matter with his client.
At the trial two witnesses testified, one, a detective sergeant from the Sheriff’s office, and the other, the defendant’s employer, a constable in Dade County. The detective sergeant testified that he and his partner were in the bedroom of the home of the parties charged with the criminal offenses when the defendant arrived and that they listened to and recorded the conversation which transpired. The officer identified each of the voices on the recording and stated the recording contained the same conversation that he overheard.
The defendant's employer stated that the defendant had been a faithful employee, that he had heard the taped recording in question, and that a group of people were conspiring to make his office look bad.
The defendant contends that he was not afforded due process by the trial court when he was required to go to trial on the issues, over oral objections, and within about forty-eight hours after the citation and rule to show cause had been issued.
We find this argument to be without merit, inasmuch as defendant was represented by counsel and no application for continuance, in writing, was filed in the case in accordance with Section 916.04, Florida Statutes, F.S.A., and consequently no order granting or denying the continuance was entered by the trial court.
See also Ford v. Boeger, 236 F. Supp. 831 (E.D.Mo.1964), wherein the Federal District Court, in commenting oh the amount of time required, stated, at page 841:

“The petitioners were told Friday night, October 4, 1963, that they were to show cause, if any, why they should not be punished for contempt on Monday, October 7, 1963, at 10:00 A.M. At that time the hearing was continued until 2:00 P.M. while petitioners sought a writ of prohibition, which was denied. Two days to prepare for a hearing to disprove or purge contempt of court seems to he a reasonable amount of time to this Court. See United States v. Barnett, 376 U.S. 681, at page 686, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964), where a show cause order was issued on September 26th to show cause on September 29th.” (Emphasis supplied)
******
The defendant also contends that the petition for rule to show cause was legally insufficient, inasmuch as it was predicated upon a taped recording and that its issuance was based solely upon the trial judge having heard the taped recording.
The record on appeal indicates that the rule to show cause was allegedly based on an affidavit of an assistant state attorney who swore that the allegations contained in the petition for rule to show cause were true. This complies with the requirements of Ex parte Crews, 127 Fla. 381, 173 So. 275 (1937).
The record in the present case indicates, however, that during the course of the trial, the judge made the following statement concerning his reason, or grounds, for issuing the rule to show cause:
“(QUESTION): Did you hear the tape before this case?
“THE COURT: I heard it. This is the second time. The first time I heard it was before the rule to show cause was issued. Otherwise, I wouldn’t have issued the rule to show cause * * (Emphasis added)
In Baumgartner, supra, the court said:
******
“The gist of the offense was stated in the rule nisi, which operates as the charge. How the circuit judge arrived at the basis of this charge, whether by testimony taken in chambers, personal view, or hearsay report, is utterly immaterial to the validity of a subsequent commitment *291 for contempt which the record shows was duly heard and determined against con-temnor after a ‘full' hearing, with opportunity to him to defend.”
******
Under the authority of Crews and Baum-gartner, supra, we therefore affirm the judgment of conviction and sentence of the trial court.
It is so ordered.