353 So.2d 614 (1977)
Richard A. DETER, Appellant,
v.
Dinina D. DETER, Appellee.
No. 77-1026.
District Court of Appeal of Florida, Fourth District.
December 20, 1977.
*616 James K. Freeland, Orlando, for appellant.
Richard M. Harris, Orlando, and William Murrell, Jr. of William Murrell, Jr., P.A., Orlando, for appellee.
CROSS, Judge.
Appellant, Richard A. Deter, appeals an order of contempt entered in a dissolution of marriage proceeding. We reverse.
Appellee, Dinina D. Deter, filed a petition for dissolution of marriage and sought certain temporary relief which was granted in a temporary order issued on March 8, 1977. This temporary relief included the payment of various sums of money to appellee for specified purposes and a general injunction against either party "accosting or molesting each other."
On April 7, 1977, appellee filed a petition for rule to show cause signed by her attorney. The court issued the rule which alleged that appellant was in arrears in his payments, and that he had violated the court's order "by attacking and injuring" appellee. After hearing, appellant was adjudicated in contempt of court and sentenced to six months in jail with the right to purge himself from serving the last ninety days of the six months by paying arrearages. It is from this adjudication of contempt that this appeal arises.
The distinction between contempt proceedings which are civil and those which are criminal in nature is firmly established in Florida jurisprudence. The determination of whether contempt proceedings are civil or criminal goes to the nature of the allegedly contemptuous act and is not dependent on the nature of the cause from which the contempt citation arose.[1] The purpose of civil contempt proceedings is to preserve and enforce rights of private litigants and to compel obedience to orders and decrees of the court made for the benefit of such parties.[2] Criminal contempts are not delineated as such because the act involved is a crime, but rather because the primary purpose of such proceeding is to punish for disobedience to an order of the court and thereby to preserve the power and vindicate the dignity of the court.[3] In distinguishing between these two forms of contempt, 17 C.J.S. Contempt § 6 states as follows:
"Civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein, and is, therefore, an offense against the party in whose behalf the violated order is made. If, however, the contempt consists in doing a forbidden act, injurious to the opposite party, the contempt may be considered criminal"
An indirect or constructive contempt occurs where acts constituting the contempt are committed out of the presence of the court.[4]
*617 Generally, a contempt commitment issued as the result of a party's failure to comply with the requirements of a final judgment of dissolution of marriage is a civil contempt rather than a criminal contempt.[5] However, despite the existence of neatly defined categories of contempt, the situation may arise where attributes of both types of contempt appear involved in the issuance of a single contempt commitment.[6] In such a case, in view of the summary nature of contempt proceedings, any doubt as to the category in which the allegedly contemptuous act falls should be resolved in favor of the contemnor.[7]
In the instant case, the record discloses the existence of elements of both criminal and civil contempt. The elements of an indirect criminal contempt proceeding appear related to the sentencing of the appellant for his alleged physical assault upon appellee. This characterization is supported by the fact that appellant was offered no opportunity to purge himself of serving a portion of the six-month sentence.[8] The elements of civil contempt involved the alleged failure by the appellant to obey the court's order with regard to the payment of monies to the appellee. In view of the fact that criminal contempt is a crime under the law of Florida,[9] and in order to protect the due process rights of those defending criminal contempt citations, we determine under the facts of this case that appellant should have been afforded the full protections required in a criminal contempt chancellor proceeding, as outlined in Rule 3.840, Fla.R. Crim.P. Non-compliance with the provisions of Rule 3.840 constitutes fundamental error and therefore failure of the appellant to properly raise these issues before the chancellor will not bar full consideration of the record on appeal.[10]
In proceedings for indirect or constructive criminal contempt, due process requires that the accused be given notice of the charge and reasonable opportunity to meet it by way of defense.[11]
Rule 3.840(a)(1), Fla.R.Crim.P., provides:
"(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court." (Emphasis added)
As to the order to show cause in the instant case, it is insufficient for two reasons. First, the order to show cause was not predicated on a sworn affidavit as required by Fla.R.Crim.P. 3.840 and the case law. In fact, the only basis for the issuance of the rule to show cause was the unverified petition of the appellee signed only by her attorney. Such an unsupported petition fails to meet the requirements of the law. Failure to predicate the charge in such a manner has been held in and of itself sufficient to discharge or quash the rule.[12]
There is, however, a second reason why the conviction of criminal contempt must be overturned and the cause remanded to the chancellor. Due process of law requires that the accused be sufficiently advised of the charge so as to accord him reasonable opportunity to meet the charges *618 by way of defense or explanation.[13] The sufficiency of the rule in meeting the requirements of due notice is judged by the standards of the criminal law, as are other basic rights accorded defendants in criminal contempt proceedings.[14] In the instant case, the notice of the charge served on appellant was insufficient to meet the minimum requirements of the law. The rule itself merely stated that the appellant was charged with "attacking and injuring the petitioner." It gave no further details as to the time or date or place of the alleged violation of the court's temporary order, such information being absolutely essential to the preparation of an adequate defense. The rule to show cause further failed to conform to the statutory requirements of Rule 3.840, Fla.R.Crim.P., in that it did not state the essential facts constituting the criminal contempt charge.
Since we are unable to sever that portion of the judgment of contempt relating to the indirect criminal contempt from that portion dealing with the indirect civil contempt, we are required to remand the entire matter to the chancellor.[15] Along with our mandate, we send the admonition of the Supreme Court handed down in Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977), at 426:
"If the trial court is of a mind ... to punish rather than coerce, then counsel for an offended party should be so advised when he makes application for an order of contempt so that proper affidavit and order to show cause can be secured to comply with the requirements of the rule [Rule 3.840, Fla.R.Crim.P.]. . [B]etter practice suggests that such situations be anticipated in advance wherever possible so that the full due process safeguards ... will be afforded."
Accordingly, the order of contempt is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
ANSTEAD and DAUKSCH, JJ., concur.
NOTES
[1] In Interest of S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
[2] Ballengee v. State, 144 So.2d 68 (Fla. 2d DCA 1962); In Interest of S.L.T., id.; Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla. 1956); Faircloth v. Faircloth, 321 So.2d 87 (Fla. 1st DCA 1975).
[3] In Interest of S.L.T., supra note 1; Ballengee v. State, supra note 2.
[4] Sharp v. Sharp, 209 So.2d 245 (Fla. 2d DCA 1968).
[5] See Faircloth v. Faircloth, supra note 2.
[6] See Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977).
[7] Pugliese v. Pugliese, id.; United Theaters of Florida, Inc. v. State ex rel. Gerstein, 259 So.2d 210 (Fla. 3d DCA 1972).
[8] Pugliese v. Pugliese, supra note 6.
[9] Aaron v. State, 284 So.2d 673 (Fla. 1973).
[10] Fla.App. Rule 3.7(i).
[11] Sharp v. Sharp, supra note 4.
[12] Ex parte Biggers, 85 Fla. 322, 95 So. 763 (1923). But see, Ex parte Crews, 127 Fla. 381, 173 So. 275 (1937) (sworn affidavit of state's attorney not made on personal knowledge held sufficient.)
[13] State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946); Phillips v. State, 147 So.2d 163 (Fla. 3d DCA 1962).
[14] See Aaron v. State, supra note 9; Demetree v. State ex rel. Marsh, supra note 2.
[15] Pugliese v. Pugliese, supra note 6.