411 So.2d 1000 (1982)
Edward STARCHK, Appellant,
v.
Nancy Kelley WITTENBERG, As Secretary of the Florida Department of Professional Regulation, Appellee.
No. 80-1484.
District Court of Appeal of Florida, Fifth District.
March 31, 1982.
*1001 Richard J.R. Parkinson of Parkinson & Pyle, P.A., Orlando, for appellant.
William M. Furlow, Dept. of Professional Regulation, Tallahassee, for appellee.
COWART, Judge.
Appellant had been enjoined from engaging in certain activities, including the fitting and delivery of dentures to the general public. Appellee, through assistant general counsel for the Department of Professional Regulation, filed a request that the trial court issue an order directing appellant to show cause why he should not be held in contempt for violation of the trial court's injunction. The request alleged various actions of appellant but was neither sworn to nor supported by affidavits. The trial court denied appellant's motion to dismiss the court's order to show cause and, after an evidentiary hearing, found appellant in contempt and sentenced him to 100 days in jail with no provision for purge and release. This appeal resulted.
Since the acts relied on as constituting a contempt were alleged to have been committed outside the presence of the court they would, if true, constitute an indirect contempt. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). Confinement without a provision for purge and release is proper only for a criminal contempt.[1] Generally, an order to show cause concerning an alleged indirect criminal contempt must be based on sworn testimony of a person having personal knowledge of the essential facts. This requirement is part of our common law,[2] and is provided for in Florida Rule of Criminal Procedure 3.840(a)(1). The essential sworn facts are usually provided by affidavit, but testimony given under oath before the issuing judge is sufficient. Croft v. Culbreath, 150 Fla. 60, 6 So.2d 638 (1942). The failure to base an order to show cause upon sworn facts has been held error so fundamental as to be reviewable on appeal, even where the failure was not raised at the trial bench. See, e.g., Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977).
There is one slight qualification to the requirement that an order to show cause must be based on an affidavit or sworn testimony of a person with personal knowledge of the material facts. Since a prosecuting attorney is allowed to verify an information on sworn facts given him by a person with personal knowledge, such verification has been held sufficient when the prosecuting attorney is charging a criminal contempt of court. See, e.g., Ex parte Maniscalco, 153 Fla. 666, 15 So.2d 445 (1943); Ex parte Crews, 127 Fla. 381, 173 So. 275 (1937); Vernell v. State ex rel. Gerstein, 212 So.2d 11 (Fla. 3d DCA 1968); Diebert v. State, 199 So.2d 288 (Fla. 3d DCA 1967).
Appellee's reliance on Baumgartner v. Joughin, 107 Fla. 858, 143 So. 436 (1936), is misplaced. Baumgartner deals with the separate issue of the adequacy of a habeas corpus writ to attack the factual basis of an order adjudicating a party in contempt and therefore is not applicable to the instant facts. Dicta in that case, taken out of *1002 context, suggests that a judge's commitment for contempt can be based on anything, but this language has not been given such a broad application as to allow an order to show cause to be issued on anything other than sworn allegations. See, e.g., Ex parte Maniscalco; Croft v. Culbreath; Ex parte Crews.
In this case the request for an order to show cause was not based on allegations either sworn to by a person having the requisite personal knowledge or vicariously verified by the state attorney, based on such sworn testimony given to him. The order was based only on an unverified pleading by an assistant general counsel for the Department of Professional Regulation. It was insufficient and the order upon which it was based should have been dismissed on appellant's motion.
There is a more substantial infirmity in appellant's conviction of indirect criminal contempt which relates to the sufficiency of the evidence. Appellee's case for contempt was based on the testimony of only three witnesses. Mrs. Banks' testimony was that appellant did not do any acts that violated the injunction. Mr. Scheidt, an investigator for appellee, merely testified that he observed appellant leave his office, pick up Mrs. Banks and take her to appellant's office. Finally, Mrs. Edwards, another investigator for appellee, testified in substance that after Mrs. Banks' visit to appellant's office, Mrs. Banks had told Mrs. Edwards that appellant had done acts which did violate the injunction. Mrs. Edwards' testimony was not admissible to impeach Mrs. Banks because Mrs. Banks could not be impeached by the Department of Professional Regulation which had called her as a witness. § 90.608, Fla. Stat. (1979). See also Gelabert v. State, 407 So.2d 1007 (Fla. 5th DCA 1981). Although Mrs. Banks, the declarant, testified at the hearing and was subject to cross-examination concerning her prior statement to Mrs. Edwards which statement was inconsistent with her testimony at the evidentiary hearing, Mrs. Edwards' testimony as to Mrs. Banks' prior statements was inadmissible as substantive evidence under section 90.801(2)(a), Florida Statutes (1981), because Mrs. Banks' prior statement to Mrs. Edwards was not given under oath. Therefore the evidence against appellant was insufficient as a matter of law to prove, beyond a reasonable doubt, his alleged violation of the injunction and his guilt of indirect criminal contempt. As appellant cannot constitutionally be retried, Tibbs v. State, 397 So.2d 1120 (Fla. 1981), this charge of indirect criminal contempt is dismissed and appellant is discharged. The adjudication and sentence herein is
REVERSED and appellant is DISCHARGED.
COBB and SHARP, JJ., concur.
NOTES
[1] As to differences between civil and criminal contempt see Carter v. State, 409 So.2d 127 (Fla. 5th DCA 1982).
[2] See, e.g., Ex parte Biggers, 85 Fla. 322, 95 So. 763 (1923); Aiello v. State, 338 So.2d 1101 (Fla. 4th DCA 1976); Phillips v. State, 147 So.2d 163 (Fla. 3d DCA 1962).