427 So.2d 1080 (1983)
Ralph E. PARIS, Appellant,
v.
Linda M. PARIS, Appellee.
No. AK-395.
District Court of Appeal of Florida, First District.
March 11, 1983.
*1081 Bill A. Corbin, Blountstown, for appellant.
Thomas B. Ingles, Lynn Haven, for appellee.
PER CURIAM.
Appellant appeals an order of indirect criminal contempt entered without compliance with Rule 3.840(a)(1), Florida Rules of Criminal Procedure,[1] in that only one of the two motions for contempt filed by appellee was supported by an affidavit and no order to show cause had been issued.
Receipt of a motion for contempt order and notice of hearing rather than the formal pleadings required by Rule 3.840 is insufficient for the purpose of apprising one to be prepared to stand ready to answer a charge of criminal contempt. Pugliese v. Pugliese, 347 So.2d 422, 426 (Fla. 1977). The order to show cause which the trial judge is directed, by virtue of Rule 3.840(a)(1), to issue prior to a hearing on any charge of indirect criminal contempt must be predicated on a sworn affidavit of a person with knowledge of the facts, the verification of a prosecuting attorney based on sworn testimony given to him, or testimony given under oath before the issuing judge. Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982); Thomas A. Edison College, Inc. v. State Board of Independent Colleges and Universities, 411 So.2d 257 (Fla. 4th DCA 1982); Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977).
Because the aforementioned procedural due process safeguards were not met, we reverse the order of contempt without prejudice to proceed against appellant following the issuance of a court order to show cause predicated upon a sworn affidavit or testimony of a person with knowledge of the facts in accordance with the requirements of Rule 3.840(a)(1).
BOOTH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] Rule 3.840(a)(1), Fla.R.Crim.P.:

Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.