PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant’s singular point in his motion alleges that he was denied effective assistance of counsel through his attorney’s failure to call witnesses who would have presented testimony favorable to appellant. If this allegation is true, appellant might be entitled to post-conviction relief. The trial court, however, failed to conduct an evidentiary hearing or to attach portions of the record which conclusively refute appellant’s allegation.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegation raised in appellant’s motion. See Fla.R.Crim.P. 3.850. See also Halpin v. State, 428 So.2d 703 No. 83-35 (Fla. 2d DCA, Feb. 16, 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, either aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
OTT, C.J., and BOARDMAN and RYDER, JJ., concur.