464 So.2d 650 (1985)
Raymond GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-186.
District Court of Appeal of Florida, Fourth District.
March 6, 1985.
*651 Scott N. Richardson of Magill, Reid, Lewis & Ricca, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Raymond Grant appeals from a conviction of indirect criminal contempt. We reverse.
Appellant was convicted in 1977 of the crime of sexual battery with great force. In depositions during 1982 appellant was twice asked if Cleve Mobley also raped the victim. He refused to answer on fifth amendment grounds. The state advised appellant that he had no fifth amendment privilege and that the state was going to ask that he be held in contempt of court.
The state thereafter filed a motion for an order to show cause why appellant should not be held in criminal contempt, which motion set forth the foregoing facts. The subsequent order to show cause stated:
This cause coming on to be heard on the State's Motion, and the Court being fully advised in the premises, it is thereupon
ORDERED, ADJUDGED AND DECREED that Raymond Grant appear in Court on December 15, 1982, at 9:30 A.M. in Room 404 to show cause why he should not be held in contempt of Court.
At the hearing to show cause, counsel for appellant argued that appellant had a fifth amendment right not to testify, and that he was in fear of reprisal from other inmates at his institution. The court said that there was no legal reason for appellant not to testify and asked him if he still refused, to which appellant responded affirmatively. The court found appellant in contempt and sentenced him to three months in jail.
Rule 3.840(a)(1), Florida Rules of Criminal Procedure, requires that an order to show cause state the "essential facts constituting the criminal contempt charged... ." The order issued to appellant clearly did not comply with the rule. It did not state any facts constituting the contempt, or even whether the contempt was civil or criminal. (Both civil and criminal contempt are available in both civil and criminal cases. Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977).)
In Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977), appellant received notice of a hearing for contempt but had no reason to believe that it was for other than civil contempt. In holding the contempt order invalid; the appellate court stated: "Since *652 the procedural requirements of Fla.R. Crim.P. 3.840 had not been observed, petitioner had no means of suspecting the consequences of the hearing." Id. at 426.
In Deter, 353 So.2d at 616, the trial court in a dissolution of marriage proceeding issued a rule to show cause alleging that appellant had violated the court's order by "attacking and injuring" appellee. On appeal this was held insufficient to state the essential facts constituting the criminal contempt charge. "Due process of law requires that the accused be sufficiently advised of the charge so as to accord him reasonable opportunity to meet the charges by way of defense or explanation." Id. at 617-618. See also Aaron v. State, 284 So.2d 673 (Fla. 1973), appeal after remand, 345 So.2d 641 (Fla.), cert. denied, 434 U.S. 868, 98 S.Ct. 208, 54 L.Ed.2d 146 (1977) (the right of persons accused of criminal contempt to know, before trial, the specific nature and detail of offenses with which they are charged is a basic right guaranteed by federal and state constitutions); Naylor v. Naylor, 9 F.L.W. 2385 (Fla. 4th DCA Nov. 14, 1984) (order of contempt reversed where "[n]o order to show cause was issued, nor was appellant apprised prior to the hearing of the essential facts constituting the alleged contempt... ." Id. at 2386.)
The state argues that since the order to show cause referred to the state's motion, which did set forth the facts, sufficient notice was provided to appellant. However, Paris v. Paris, 427 So.2d 1080 (Fla. 1st DCA 1983), provides that a motion for contempt order and notice of hearing may not take the place of the formal pleadings required by rule 3.840 to apprise one to stand ready to answer a criminal contempt charge. See also Bukszar v. Bukszar, 368 So.2d 430 (Fla. 2d DCA 1979) (court must strictly follow the procedures set forth in rule 3.840); Pugliese v. Pugliese, 347 So.2d at 425 (greater procedural safeguards are accorded when one is accused of indirect criminal contempt).
Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982), cited by the state, is inapplicable because it involved lack of an affidavit or sworn testimony, whereas this case involves an order to show cause which did not set forth the facts upon which the accusation of contempt was based.
The state argues that the trial court in the contempt order set forth a complete factual basis for the adjudication of contempt. However, that does not cure the defect of failing to set forth the facts before the hearing. In Krathen v. State, 310 So.2d 381 (Fla. 4th DCA 1975), the trial court held the defense attorney in direct criminal contempt. This court reversed, finding the trial court's entry of a written judgment reciting the facts upon which the adjudication of guilt was based to be insufficient where the court failed to inform appellant prior to the hearing of the accusation against him.
On the basis of the foregoing authorities, we reverse the contempt conviction without prejudice to renewing the proceedings with appropriate notice as required by the rule.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.