PER CURIAM.
Pursuant to rule 9.315(b), Florida Rules of Appellate Procedure, we summarily reverse the order and sentence of contempt in this case. The state concedes that appellant’s conduct in writing letters to his children in violation of the order of probation was not a direct criminal contempt but could only serve as an indirect contempt. See Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977). Further, the state concedes that its motion for rule to show cause was insufficient as it was neither sworn to nor supported by an affidavit. See Fla. R.Crim.P. 3.840(a)(1). This is fundamental error. Deter v. Deter, 353 So.2d at 618; Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982). In addition, the trial court’s show cause order failed to allege the essential facts constituting the alleged contempt. See Naylor v. Naylor, 468 So.2d 398 (Fla. 4th DCA 1985). Finally, the trial court failed to follow the requirements of rule 3.840(a)(6), Florida Rules of Criminal Procedure, in that its order does not recite the acts of appellant which constitute the contempt.
Reversed and remanded.
STONE, WARNER, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.