659 So.2d 363 (1995)
Alena M. HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2384.
District Court of Appeal of Florida, First District.
June 20, 1995.
*364 Louis O. Frost, Jr., Public Defender and Ward L. Metzger, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark Menser, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant, Alena Hunt, was found in indirect criminal contempt for violating a post-dissolution "no contact" injunction. We reverse.
The order to show cause, which initiated the contempt proceedings, was based upon a signed but unsworn police report. Florida Rule of Criminal Procedure 3.840(a) requires that the show cause order be based upon an affidavit or sworn testimony of an individual having personal knowledge of the essential facts. See Paris v. Paris, 427 So.2d 1080 (Fla. 1st DCA 1983); Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982).
The state correctly concedes that the show cause order was defective, but argues that the deficiency did not amount to fundamental error and was thus waived by appellant's failure to make an objection. We reject this argument as it is contrary to unequivocal authority holding that noncompliance with the provisions of Rule 3.840 constitutes fundamental error. See Hill v. State, 643 So.2d 1178 (Fla. 2d DCA 1994) (show cause order failed to state essential facts); Giles v. Renew, 639 So.2d 701 (Fla. 2d DCA 1994) (same); Reins v. Johnson, 604 So.2d 911 (Fla. 2d DCA 1992) (proceedings initiated on basis of unsworn motion); Paris, supra; Starchk, supra; Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977) (show cause order issued on basis of unverified petition).
Accordingly, we reverse the order of contempt without prejudice to initiating new proceedings in conformity with Rule 3.840.
ERVIN, MINER and BENTON, JJ., concur.