VAN NORTWICK, Judge.
Michael Judkins seeks review of an order of indirect criminal contempt which was entered after the lower court found that Jud-kins had violated the terms of an injunction restraining Judkins and appellee, Randy Ross, from exhibiting or discharging firearms in each other’s presence. Because the order of indirect contempt fails to specify the facts and circumstances constituting Judkins’ contemptuous conduct, as required by Rule 3.840(f), Florida Rules of Criminal Procedure, and because the petition on which the order is based was neither sworn to nor supported by an affidavit, we reverse.
Judkins and his family reside next to Emerald Coast Motorsports, Inc., a business which builds and repairs race car engines. Judkins and Ross, the owner of Emerald Coast, became embroiled in a controversy regarding the noise created by this business. Ross eventually petitioned for temporary and permanent injunctive relief because of threats allegedly made by Judkins against the business, its employees and customers. Judkins, appearing pro se, substantially denied the allegations made in the complaint for injunctive relief. Nevertheless, an injunction was eventually entered which, as later amended and modified, provided that Ross and Judkins were mutually restrained from going on to the property of the other at any time and from exhibiting or discharging firearms in each other’s presence.
Approximately six months after the amended/modified injunction issued, Ross filed a motion for an order to show cause claiming that Judkins had willfully discharged at least one firearm intermittently during the afternoon of June 2, 1994. Ross alleged that this conduct was in violation of the amended/modified injunction noted above. Following a hearing, the trial court entered an order of indirect criminal contempt by which appellant was found guilty of indirect criminal contempt for the willful vio *659 lation of the amended/modified temporary injunction prohibiting both Ross and Judkins from discharging firearms in each other’s presence. Judkins was sentenced to 30 days in county jail and was ordered to pay a $500 gne
On appeal, Judkins argues, among other issues, that the lower court failed to fully comply with Rule 3.840(f), Florida Rules of Criminal Procedure, which provides that a lower court shall include in a judgment for indirect criminal contempt, “a recital of the facts constituting the contempt of which defendant has been found and adjudicated guilty.” We must agree with the appellant. The order in the instant ease finds that:
[Judkins] is guilty of indirect criminal contempt for the willful violation of the amended/modified temporary injunction dated Jan. 6, 1994, prohibiting both plaintiff and defendant from discharging firearms in each other’s presence.
No further facts regarding the circumstances of this violation are set forth in the written order, nor are any such findings made in the record. We therefore find reversal is required. Fay v. State, 608 So.2d 589 (Fla. 4th DCA 1992); Gidden v. State, 613 So.2d 457 (Fla.1993).
Further, we find that reversal is required because Ross’s motion for an order to show cause was neither sworn to nor supported by an affidavit. Such an omission is fundamental error. Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977); Fay v. State, supra; Reins v. Johnson, 604 So.2d 911 (Fla. 2d DCA 1992).
We do not reach the other arguments raised by appellant in this appeal. For the reasons expressed above, the order of indirect criminal contempt is REVERSED and the sentence is VACATED.
WEBSTER and MICKLE, JJ., concur.