727 So.2d 322 (1999)
Kenneth YOUNG, Appellant,
v.
Harvey WOOD-COHAN, The Prudential Insurance Company of America, d/b/a Prudential Financial Services, and Charles A. Smith, Appellees.
No. 98-1995.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Geoffrey E. Parmer of James, Hoyer, Newcomer, Forizs & Smiljanich, Tampa, for appellant.
E. Cole FitzGerald, III of FitzGerald, Hawkins, Mayans & Cook, P.A., West Palm Beach, and Amy L. Bess, Michael A. Schlanger and Daniel D. Barnowski of Sonnenschein Nath & Rosenthal, Washington, D.C., for appellee-The Prudential Insurance Company of America.
WARNER, J.
The trial court held appellant in both civil and criminal contempt for failure to produce documents at trial pursuant to a subpoena and subsequent order of the trial court. While we affirm the civil portion of the order of contempt, we reverse the criminal portion of the order because the trial court failed to *323 place appellant on notice that the court was considering criminal sanctions.
Appellee served a subpoena duces tecum upon appellant, a witness in the trial, commanding him to appear at a the trial with voluminous documents relating to the underlying lawsuit. Appellant appeared without the documents and without filing a motion for protective order to prevent their production. He explained that many of the documents were not in his possession. The court directed him to either produce all of the other documents which were in his control at the trial four days later or "to bring your jammies and toothbrush." Appellant's failure to bring the documents was delaying the trial by impeding cross-examination. The court also warned appellant with regard to the document production, "[i]nsofar as you have them or they are under your control. If you don't, look out."
At the continuation of the trial four days hence, appellant showed up but with very few of the documents demanded. He explained that he felt that the requesting attorneys were not entitled to all of the documents, despite the court's order to produce them. Because cross-examination was complete except as it related to the missing documents, the court concluded that "the damage has already been done" by appellant's failure to produce. The court then noted that counsel had shown "probable cause," and requested that appellee's counsel draft an order to show cause. The trial court noted that "we're talking about punishment by contempt which involves the possibility of jail, so you need to start thinking about getting yourself a lawyer."
The motion for a rule to show cause recited all of the above facts, including the judge's statement that this was punishment for contempt and that appellant might be looking at the possibility of jail time. However, the motion only alleged that appellant committed civil contempt, not criminal. The rule to show cause, issued by the court, recited the contemptuous acts and ordered appellant to appear and to show cause why he should not be punished for contempt of court. Appellant filed a written response maintaining that he had complied in good faith and that his conduct was not the result of a willful attempt to disregard the court's authority. Moreover, he noted that the underlying case had been dismissed, and, accordingly, there was no longer any need for production of the documents. While appellee had requested production of the documents, a daily penalty and incarceration until they were produced, and a fine to compensate appellee for its expenses incurred as a result of appellant's refusal to produce the documents, appellee suggested that the dismissal of the case rendered the first two requests moot.
The court held a lengthy hearing on the rule at which time appellant offered an explanation for his conduct in not producing the documents. However, appellant's explanation failed to convince the court that appellant had not wilfully disobeyed the order to produce the documents. Thereafter, the judge found the appellant in both civil and criminal contempt. He recited the facts constituting contempt and sentenced appellant to thirty days in jail, which would be suspended to ten days upon payment of $670 in fees to appellee. The judge also directed the appellant to change his website on which he advertised himself as an insurance expert. The website stated, referencing the underlying case, "[a]lthough there was a concerted effort on the part of the insurance company attorneys to disallow my credentials as an expert witness, upon the review of my resume the Court overruled the attorneys and agreed that my credentials qualified me as an expert witness." The court ordered him to delete the last portion of the sentence which stated that the court "agreed that my credentials qualified me as an expert witness." The court also directed that, following the statement that the "Court overruled the attorneys," the appellant had to insert that "the plaintiff for whom I testified lost." In the trial court's written order, the civil contempt was punished with the $670 fine. The incarceration and the website alterations were the punishment for the criminal contempt. From that order of contempt, appellant has lodged this appeal.
We first agree with the appellee that we are dealing with direct criminal contempt on the part of appellant since the *324 contemptuous act of returning to court without the ordered documents occurred in the court's presence. See Gidden v. State, 613 So.2d 457, 458-59 (Fla.1993); Woods v. State, 600 So.2d 27, 29 (Fla. 4th DCA 1992). Pursuant to Florida Rule of Criminal Procedure 3.830, direct criminal contempt may be punished summarily, but the court must first inform the defendant of the accusation against him and inquire as to whether the defendant has any cause to show why he should not be adjudged guilty. Moreover, the defendant must be given the opportunity to present evidence of excusing or mitigating circumstances. In the instant case, the trial court directed the appellee to prepare a rule to show cause, and appellee responded by filing a motion for rule to show cause which requested only a finding of civil contempt. Although the rule itself did not specifically characterize the contempt, appellant's written response addresses the motion and rule as though they were for civil contempt only.
Before a person may be held in criminal contempt, he must be sufficiently advised of the charge so as to accord him a reasonable opportunity to meet it by way of defense or explanation. See Deter v. Deter, 353 So.2d 614, 617 (Fla. 4th DCA 1977). That notice must include a statement regarding whether the hearing during which the defendant is to show cause is one for civil or criminal contempt. See Micciche v. State, 626 So.2d 1028, 1028 (Fla. 3d DCA 1993); cf. Grant v. State, 464 So.2d 650, 651-52 (Fla. 4th DCA 1985). In this case, based upon the motion and the rule to show cause, there was nothing to alert appellant that he would be subject to criminal contempt. Even the court's suggestion that appellant might be facing incarceration did not necessarily suggest a finding of criminal contempt because incarceration may be used in civil contempt to coerce compliance with a court order. Despite the fact that appellant's conduct may have properly been characterized as criminal contempt, the trial court's failure to provide notice to the appellant that he was facing criminal contempt requires reversal. See Martin v. State, 711 So.2d 1173, 1174 (Fla. 4th DCA 1998). We therefore reverse the finding of criminal contempt and sentence. We do so with leave for the court to conduct further proceedings after giving the appellant notice of an intention to pursue a charge of criminal contempt.
Reversed and remanded.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.