PER CURIAM.
Arguing the absence of a sworn affidavit or testimony to support the trial court’s issuance of an order to show cause, a former husband appeals the court’s order finding him guilty of indirect criminal contempt. See Fla. R.Crim. P. 3.840. As outlined in Baker v. Green, 732 So.2d 6, 7 (Fla. 4th DCA 1999):
An indirect criminal contempt proceeding must comply with the procedural requirements of Florida Rule of Criminal Procedure 3.840. See Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985). In this case there was no sworn affidavit or testimony to support the trial court’s issuance of the order to show cause. If the order does not issue on the judge’s own motion, Rule 3.840(a) provides that *628 an order to show cause may issue “on affidavit of any person having knowledge of the facts.” Where there is no affidavit or sworn testimony to support the issuance of an order to show cause, the failure to comply with the rule is fundamental error and a contempt order arising out of that proceeding may not stand. See Fay v. State, 608 So.2d 589, 589 (Fla. 4th DCA 1992); Hunt v. State, 659 So.2d 363, 364 (Fla. 1st DCA 1995); Judkins v. Ross, 658 So.2d 658, 659 (Fla. 1st DCA 1995); Reins v. Johnson, 604 So.2d 911, 911 (Fla. 2d DCA 1992); Starchk v. Wittenberg, 411 So.2d 1000, 1001 (Fla. 5th DCA 1982).
In the instant ease, there is only the caption verified on the pleadings, followed by an acknowledgment, which is different than swearing to a fact. Rule 3.840 had its basis in the common law; being a criminal proceeding, it must be initiated by an indictment, information, or some other accusatory pleading. Accordingly, we reverse without prejudice the order holding the former husband in contempt. The wife may properly proceed in compliance with rule 3.840.