PER CURIAM.
Robert McCoy appeals an order adjudicating him guilty of indirect criminal contempt after he utilized inmate mail to send the trial judge an order containing an alleged “forgery” of her signature. We reverse the conviction because there was no competent and substantial evidence that McCoy filled out the proposed order, provided to him by officials at the jail, with the intent to deceive the trial judge, or anyone else, into believing the order had been executed by the trial judge. See Martin v. State, 728 So.2d 775, 776 (Fla. 4th DCA 1999) (“To overcome a defendant’s motion for judgment of acquittal in a ease based entirely on circumstantial evidence, the state has the burden of presenting evidence from which the jury can exclude every reasonable hypothesis except that of guilt.”). Put another way, there was simply no evidence that McCoy’s actions were “‘calculated to embarrass, hinder or obstruct the court in the administration of justice’ ” or “ ‘calculated to lessen [the court’s] authority or its dignity.’ ” Murrell v. State, 595 So.2d 1049, 1050 (Fla. 4th DCA 1992) (defining criminal contempt) (quoting Ex Parte Crews, 127 Fla. 381, 173 So. 275, 279 (1937)).

Reversed and Remanded.

STEVENSON, C.J., GUNTHER and MAY, JJ., concur.