PER CURIAM.
The petitioner alleged that he was adjudged in contempt and sentenced to ninety (90) days in the county jail, by one of the judges of the circuit court of Dade County; that the petitioner is being illegally and unlawfully imprisoned and that his liberty is restrained by Thomas J. Kelly, Sheriff of Dade County, Florida, in the Dade County Jail. This court issued a writ of habeas corpus and respondent filed his return.
It appears from the petition, exhibits and return that the petitioner, Jack Schonberger, is the son of Max Schonberger, who is *330 the defendant in a suit for alimony and separate maintenance being prosecuted by his wife. On May 8, the petitioner accompanied his father to the judge’s chambers where a hearing was had on matters relative to the separate maintenance and alimony suit. During the course of the hearing petitioner was called as a witness and gave testimony to the effect that he was holding $44,900 which belonged to his father. Thereupon counsel for the wife of Max Schonberger made an oral motion for leave to amend the complaint against her husband to include his son, Jack as a party-defendant. The court granted the motion and at the same time orally enjoined Jack from disposing of the said money. Several ¡days later, on May 10, summons was served on him and, on May 18, an amended complaint was filed which named Jack as a defendant and prayed for injunctive relief which the trial court had already orally granted. On June 1, a copy of this amended complaint was furnished to petitioner’s attorney; the record does not show service on the petitioner; however, he admitted having seen a copy thereof. On June 28, the trial judge issued an order to Thomas J. Kelly, Sheriff, ordering him to forthwith take into custody Jack Schonberger and bring him before the said judge immediately to determine, after hearing, whether he should be held in contempt of court. He was taken into custody at 6:00 o’clock P. M. on the same day and remained in the county jail until he was taken before the trial judge for a hearing on the following day. The trial judge examined the prisoner under oath as to the whereabouts of the $44,-900 which the court had enjoined him from “transferring, alienating or otherwise disposing of”; the petitioner admitted to the court that he had turned over the money in question to his father in violation of the court’s injunctive order.
The petitioner, through his counsel, objected to the procedure by which he was taken into custody and confined to the county jail and to his being tried without first 'being informed of the charge on which he was being tried. The objections were overruled and the hearing proceeded and resulted in the petitioner being found guilty of contempt by reason of his failure to obey the order of the court restraining and enjoining him from disposing of the said $44,900. He was sentenced to confinement in the county jail for ninety (90) days or until further order of the court.
The petitioner contends that he was committed to jail and tried without due process of law. We think there is merit in the petitioner’s contention. If petitioner’s conduct constituted contempt it was not committed in the presence of the court and as such he was entitled to a citation. In proceedings for indirect or constructive contempt, due process of law requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense or explanation. State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509, 518; State ex rel. Geary v. Kelly, Fla.App.1962, 137 So.2d 262, 263.
Petitioner raises other points in his petition, but we shall not deal with them, inasmuch as the petitioner is being discharged and released from the custody of the respondent for the reasons above expressed.
It is so ordered.