PER CURIAM.
The appellant, plaintiff below, appeals from a final decree entered by the chancellor as result of a suit for divorce filed by the plaintiff against appellee, Howard Murphy Sharp, defendant below.
Plaintiff’s complaint alleged, among other things, that defendant had on several occasions and without provocation physically abused her. Defendant counterclaimed and charged plaintiff with committing adultery on several occasions. Voluminous testimony and depositions were taken at the conclusion of which the chancellor entered a final order of dismissal, stating that both parties had failed to malee affirmative showing of sufficient equity on their own behalf or a lack of such equity in the other party as to entitle them to relief in a court of equity, and that the doctrine of clean hands barred each of them from such relief. Plaintiff’s complaint and defendant’s counterclaim were dismissed with prejudice.
We have meticulously examined the entire record including the testimony and depositions and find no error committed by the chancellor. It is a well-settled rule that the chancellor is the trier of facts; that *509 the weight of credibility to be given the evidence is within the discretion of the chancellor; that it is his duty and responsibility to discern which of the evidence to believe and which to disbelieve; and that his discretion is clothed with a presumption of correctness. We do not believe this presumption has been overcome in the instant case and for these reasons the decree is affirmed. Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841 (1943); Grossman v. Grossman, 90 So.2d 115 (Fla.1956); Clutter v. Clutter, 171 So.2d 544 (D.C.A.Fla.1965).
LILES, Acting C. J, PIERCE, J., and FLYNN, ROGER D., Associate Judge, concur.