SMITH, CULVER, Associate Judge.
These consolidated appeals are from orders adjudging the Appellants to be in contempt of the lower Court for violations of restraining orders and from the granting of a permanent injunction enjoining Appellants from invading the privacy of the Ap-pellees.
The Appellant, Howard Sharp, and the Appellee, Mary Jo Sharp, were married in 1959. Two children were born of the marriage. In January of 1965 Appellee, Mary Jo Sharp, sued her husband for divorce. He counterclaimed, and the trial Court denied relief to either party. This holding was affirmed in Sharp v. Sharp, Fla.App., 185 So.2d 508. The couple lived separate and apart as a result of their marital difficulties at all times relevant to the present proceeding. These difficulties were finally resolved by a final decree of divorce entered January 10, 1967 in a separate action.
The Appellant, John W. Hunter Associates, Inc., is a Florida Corporation licensed as a private investigative agency by the State. Appellant, John W. Hunter, is a licensed private investigator and president of the agency. Appellant, Grace Hunter, is a licensed private investigator, and secretary and treasurer of the agency.
In August 1965, during the pendency of the divorce appeal, the Appellant, Howard Sharp, contacted the officers of the agency to employ it for the gathering of information with respect to Appellee, Mary Jo Sharp.
The Appellees are sisters. On September 21, 1965 they filed separate actions against Appellants, Howard Sharp, John Hunter and one Wayne Barnes. Some time later the complaints in both cases were amended so as to make Appellant, John W. Hunter Associates, Inc., a party defendant. Each complaint set forth certain acts of *247 Appellants which were claimed to constitute a violation of Appellees’ right of privacy, and prayed for temporary and permanent restraining orders. Temporary restraining orders were entered in each case. A number of rules to show cause were filed during the continuance of the litigation and on October 24, 1966 the Appellant, Howard M. Sharp, was adjudged to be in contempt of Court. The two cases were tried together, and on November 9, 1966 the Court entered its joint final order. This order contains the Court’s findings of fact, conclusions of law, and its rulings. The order reads:
“This cause coming on to be heard before me on a series of hearings and the Court having studied the transcript of all prior hearings and at the conclusion of the last hearing hereon the Court being fully advised in the prerfiises, it is upon consideration found that the Court sitting as a trier of the facts has had an opportunity to observe the demeanor, evasions and equivocations of some of the witnesses in this case; the Court being the sole judge of the credibility of the witnesses herein and the Court electing to give weight to such testimony as it finds credible and to disregard such testimony as it finds unworthy of credibility and belief, and the Court being fully advised, the following facts are found:
“(A) That the defendant, Howard M. Sharp, is presently married to the plaintiff, Mary Jo Sharp and as such the Court re-asserts its former ruling that it is legally impossible for the said Howard M. Sharp to invade the privacy of his wife Mary Jo Sharp.
“(B) Defendant Howard M. Sharp has invaded the privacy of Marilyn B. Hicks and for such has been found in contempt of this Court, and the Court further finds that the said Howard M. Sharp is the progenitor of all subsequent invasions hereinafter found.
“(C) That the defendant John W. Hunter is the idem ego of John W. Hunter Associates and John W. Hunter Associates, Inc., and that the acts of one are the acts of the other and the Court does so find.
“(D) That Grace Hunter is an active participant in all the affairs of John W. Hunter as an individual as her husband and under his dominion and control, and as active participant as stockholder, director and officer as well as manager of John W. Hunter Associates and John W. Hunter, Inc.
“(E) That there has been a steady, deliberate, continuing planned invasion of the privacy of both Mary Jo Sharp and Marilyn B. Hicks and that such invasion of privacy was engendered and carried on on the part of Howard M. Sharp and John W. Hunter in his several capacities and Grace Hunter in her vicarious capacity.
“(F) That this invasion of privacy existed both before, during and after the issuance of restraining orders now in effect in this case in direct, flagrant and contemptuous disregard of the orders of this Court.
“WHEREFORE IT IS UPON CONSIDERATION ORDERED AND DECREED that the temporary injunction now in effect in this cause be and they hereby are ratified, confirmed and made permanent, and that the defendants Howard M. Sharp, John W. Hunter and John W. Hunter Associates and Grace Hunter vicariously (vicariously) be and they hereby are permanently enjoined and restrained from interfering with, harassing, annoying, molesting, following, surveying or in any way interfering with the quiet enjoyment of life and privacy of the plaintiff Marilyn B. Hicks either directly or indirectly, personally or by and through any agents, servants, employees or in any way, manner or fashion.
“IT IS FURTHER ORDERED AND DECREED that the said defendants John W. Hunter, John W. Hunter Associates, Inc., and Grace Hunter vicariously be *248 and they hereby are permanently enjoined and restrained from interfering with, harassing, annoying, molesting, following, surveying or in any way interfering with the quiet enjoyment of life and privacy of the plaintiff Mary Jo Sharp and that all costs herein are assessed against the defendants.
“It is further found and adjudged that the defendants Howard M. Sharp, John W. Hunter and John W. Hunter Associates, Inc., are in contempt of this Court and this judgment of contempt lies also vicariously against Grace Hunter in her position in relation both to John W. Hunter and John W. Hunter Associates, Inc., and it is further
“ORDERED AND ADJUDGED that this contempt has been willful, flagrant and continuous throughout the course of this litigation whereupon it is ORDERED and ADJUDGED that for his indirect participation in the contempt insofar as same applies to invasion of the privacy of Marilyn B. Hicks, that the said defendant Howard M. Sharp be and he hereby is fined the sum of Two Thousand Dollars ($2,000.00) payable to the use and benefit of Collier County, Florida, said sum to be paid within ten (10) days of the receipt of this Order, and if any appeal is taken from same that supersedeas bond be set in the sum of Five Thousand Dollars ($5,000.00). It is expressly the intent of this Court that said sum of $2,000.00 fine is in addition to any previous fines assessed against the said Howard M. Sharp.
“IT IS FURTHER ORDERED AND ADJUDGED that the said John W. Hunter for his contempt of this Court to be and he hereby is sentenced to the term of sixty (60) days in the common jail of Collier County, Florida, and if any appeal is taken from same that supersedeas bond be set in the sum of Five Thousand Dollars ($5,000.00), and it is further ORDERED and ADJUDGED that the defendant John W. Hunter Associates, Inc., be and hereby is fined the sum of Three Thousand Dollars ($3,000.00) for its contempt of this Court payable to the use and benefit.of Collier'County, Florida, to be paid within ten (10) days of the receipt of this Order and that if said sum of $3,000.00 is not paid within ten days of the receipt of this Order and no appeal is taken from same that the Sheriff of Charlotte County Florida, be and he is hereby ordered to seize the body of the said Grace Hunter and deliver the said Grace Hunter to the custody of the Sheriff of Collier County, Florida, the said Grace Hunter to serve a term of 45 days in the common jail of Collier County, Florida, and if an appeal is taken from this Order that supersedeas bond be set in the amount of Four Thousand Dollars ($4,000.00).
“It is further ORDERED that the Sheriff of Charlotte County, Florida, be and he hereby is ordered to seize the body of the said defendant John W. Hunter and deliver the body of the said John W. Hunter to the Sheriff of Collier County, Florida, to serve the aforesaid sentence of sixty (60) days hereinbefore imposed.”
Appellants have raised 3 points on appeal. We will first discuss points II and III together. By these, appellants raise the question of the sufficiency of the evidence to support a contempt adjudication against Appellant, John Hunter, and its sufficiency to support the imposition of permanent injunctive relief. In Sharp v. Sharp, 185 So.2d 508, this Court stated:
“It is a well-settled rule that the chancellor is the trier of facts; that the weight of credibility to be given the evidence is within the discretion of the chancellor; that it is his duty and responsibility to discern which of the evidence to believe and which to disbelieve and that his discretion is clothed with a presumption of correctness.”
The record on appeal includes 408 pages of testimony which has been read by the Court. No useful purpose would be *249 served by setting forth in this opinion any portions thereof. Applying the rule of Sharp v. Sharp, supra, we find that there was substantial competent evidence to support the findings of fact contained in the lower Court’s order of November 9, 1966, and its adjudications as to Appellant, John Hunter, and as to the imposition of permanent injunctive relief.
We have now to consider Appellants’ first point which they state to be as follows:
“Did the lower Court err in adjudicating Howard Sharp, Grace Hunter, and John W. Hunter Associates, Inc., to be in contempt at a time when these Appellants had no notice that they were charged with contempt or that the Court was considering such an adjudication?”
The Appellant, Howard M. Sharp, had previously been found in contempt and the trial Court found that he was “- the progenitor of all subsequent invasions thereafter found.” Clearly he cannot be said to have had no notice. The Appellants, Grace Hunter and John W. Hunter Associates, Inc., were in a different position. No petition to hold them in contempt was ever filed, nor were they ever served with a citation, or any type of notice that they were charged with contempt, or that the Court intended to do this. In proceedings for indirect or constructive contempt, due process requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense. State v. Kelly, Fla.App., 143 So.2d 329. Dykes v. Dykes, Fla.App., 104 So.2d 598. Appellees take the position that the contempt charged here constituted direct contempt. Obviously, the acts in question were committed out of the presence of the Court. A contempt proceeding is direct where the acts constituting the contempt are committed in the immediate presence of the Court. Those committed out of the presence of the Court constitute indirect or constructive contempt. See In Re: S.L.T., Fla.App., 180 So.2d 374. It is urged by Appellees that the “in the presence of the court” test is not important in the instant case since the trial judge heard the testimony and was made aware of contemptuous acts on the part of Appellants, Grace Hunter and John W. Hunter Associates, Inc., by their own admissions. This does not change the picture.
In the case of State v. Kelly, supra, a defendant was enjoined from disposing of certain funds. Thereafter, the Court issued an order directing the sheriff to bring the defendant before the Court to determine if he should be held in contempt. The defendant admitted to the Court that he had violated its order, and he was sentenced to the county jail for a period of 90 days. On writ of habeas corpus, the Appellate Court ordered him discharged stating:
“The petitioner contends that he was committed to jail and tried without due process of law. We think there is merit in the petitioner’s contention. If petitioner’s conduct constituted contempt it was not committed in the presence of the court and as such he was entitled to a citation. In proceedings for indirect or constructive contempt, due process of law requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense or explanation.”
It follows that the portion of the trial Court’s order of November 9, 1966 finding John W. Hunter Associates, Inc. and Grace Hunter in contempt of court and that portion of said order which fines Appellant, John W. Hunter Associates, Inc., $3,000.-00 and sentencing Appellant, Grace Hunter, to jail if said fine was not paid within ten days must be, and hereby is, reversed. In all other respects said order is affirmed.
Since the Sharps were divorced more than a year ago, we consider the cross assignment of error raised by Appellant, Mary Jo Sharp, to be moot.
Affirmed in part and reversed in part.
LILES, C. J., and HOBSON, J., concur.