377 So.2d 1005 (1979)
Antonio MARTI, Appellant,
v.
Miriam MARTI, Appellee.
No. 78-2289.
District Court of Appeal of Florida, Third District.
December 18, 1979.
*1006 Blas E. Padrino, Coral Gables, for appellant.
Abramson, Mendigutia, Diamond & Schwartz and Paula L. Schwartz, Miami, for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ and NESBITT, JJ.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage which awarded the wife/appellee a one-half interest in a joint savings account.
The question for our determination is whether this award is supported by the record.
This was a second marriage for the parties. The husband had formerly been a practicing attorney in Cuba. The wife was employed throughout the marriage and had, with the assistance of her family, contributed substantially to the support of the husband while he attended school. The savings account in question had been funded solely by the assets of the husband. The husband admitted placing the title to the account in the names of his wife and himself as joint tenants with a right of survivorship but asserted that this was done to provide for his funeral expenses with the remainder to be paid to his children by a former marriage upon his death. The wife testified that the husband converted title to the savings account so that she might have enjoyment of it.
The husband contends the trial court erred in failing to follow the dictates of Ball v. Ball, 335 So.2d 5 (Fla. 1976) as construed by Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978) because only "a word or two of testimony by the recipient" is ineffectual to show that a gift was intended.
Considering the background of the parties, attendant circumstances, and the weight and sufficiency of the evidence to be accorded to the divergent testimony of the parties, we find the trial court's determination, that the husband intended to create a gift of the savings account, is supported by the evidence. See Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978).
Affirmed.