419 So.2d 629 (1982)
Arthur Wayne MARSH, Petitioner,
v.
Laurel J. Ising MARSH, Respondent.
No. 60823.
Supreme Court of Florida.
September 2, 1982.
Robert J. Buonauro, Orlando, for petitioner.
Ed Leinster, Orlando, for respondent.
McDONALD, Justice.
This cause is before the Court on petition to review Marsh v. Marsh, 399 So.2d 433 (Fla. 5th DCA 1981), which conflicts with Ball v. Ball, 335 So.2d 5 (Fla. 1976), and, Marti v. Marti, 377 So.2d 1005 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1198 (Fla. 1980). We have jurisdiction[1] and quash the instant decision.
The petition concerns the final judgment of a dissolution of marriage, and the sole issue is whether the wife acquired a special equity in the marital home. The parties married on October 7, 1978. Two months later the wife issued a quit claim deed transferring her home from sole ownership to the two of them as tenants by the entireties. The wife owned the home prior to the marriage and paid all of the mortgage payments and property taxes. The petition for dissolution of marriage was filed on February 13, 1979, shortly after the transfer. No children were born of the marriage, and at trial the wife alleged that she made the transfer to provide a home for her children from a previous marriage, should anything happen to her. She also claimed that in the event of a divorce the property was to be transferred back to her. The husband claimed that the transfer was a gift.
As is usually the case in this type of proceeding, neither the deed nor any other contemporaneous document contained evidence of the intent behind the transfer. The trial judge, finding almost a direct conflict in the couple's testimony, found for the husband and ordered a partition and sale of the home. The district court, interpreting Ball v. Ball, 335 So.2d 5 (Fla. 1976), reversed the trial court, holding that no credible evidence supported the court's ruling that the wife intended a gift.
In Ball we held that one way a special equity may be created is by an unrebutted *630 showing that all of the consideration for the property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. The special equity may be defeated, however, by "contradictory evidence that a gift was intended"[2] at the time of the transfer.
Conflict has arisen between the district courts of appeal concerning the application of what constitutes "contradictory evidence."[3] The issue involves the proof required by the grantee to establish the intent of the grantor. When the intent behind the transfer is included within the deed or other contemporaneous document the problem is not as severe as when the evidence of intent comes from the testimony of the litigants and their supporting witnesses. Under these circumstances, the testimony is subject to obvious bias and the witnesses' credibility is naturally in question. The credibility of the witnesses and the weight given their testimony, however, is a question for the trial court. Mirras v. Mirras, 202 So.2d 887 (Fla. 2d DCA 1967); Sharp v. Sharp, 185 So.2d 508 (Fla. 2d DCA 1966). Findings of fact by a trial court are presumed to be correct and are entitled to the same weight as a jury verdict. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976).
When, as here, the grantor's intent is to be determined from the conflicting testimony of the parties, it is the responsibility of the trial court to evaluate the weight and credibility of that testimony and to arrive at a determination. Our examination of the record convinces us that the trial court properly evaluated the evidence in reaching its decision. The district court improperly substituted its judgment for the trial court's in reaching a contrary decision.
The decision of the district court is quashed and remanded with instructions to affirm the judgment of the trial court.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, SUNDBERG and EHRLICH, JJ., concur.
BOYD, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] 335 So.2d at 7.
[3] See Marsh v. Marsh, 399 So.2d 433 (Fla. 5th DCA 1981) (Cowart, J., dissenting).