439 So.2d 232 (1983)
Conrad C. PALUMBO, Appellant,
v.
Janet R. PALUMBO, Appellee.
No. 82-1019.
District Court of Appeal of Florida, Fifth District.
July 7, 1983.
Rehearing Denied October 19, 1983.
William Osborne and John M. Robertson, of Robertson, Williams, Duane, Lewis & Ranson, P.A., Orlando, for appellant.
John M. Cain, Orlando, for appellee.
FOXMAN, Associate Judge.
This was a twelve year marriage with no children being born. At the time of trial the wife was 36, the husband 45. Both parties were healthy. The wife had no particular job skills. She was a high school graduate who at the time of marriage worked for the Playboy Club. For a short time during the marriage she worked as a restaurant hostess. The husband ran his own successful data retrieval business.
In reaching final judgment, the Trial Court added up the value of all assets and divided by two. The principal asset, the business, was left to the husband. The wife received the marital home, a duplex, one-half of a $30,000 account, a Cadillac, and one-half of the husband's profit sharing account. As part of the wife's one-half she received lump sum alimony of $102,615 payable at $855 per month for ten years. Over and above the equitable distribution the wife was awarded $750 per month rehabilitative alimony for four years.
The problem with the equitable distribution in this case was that the total sum to be distributed erroneously included separate property of the husband. Clearly the data retrieval business was the separate property of the husband. The business was started before the marriage, stock was owned in the husband's name alone, the wife did not work in the business. Separate property of a spouse normally may not be included in an equitable distribution scheme. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) at 1201.
If the wife claims an interest in the husband's separate property, she has the *233 doctrine of special equity available to her. Ball v. Ball, 335 So.2d 5 (Fla. 1976). In this case the wife's complaint did contain a prayer for special equity, but no special equity was proved, nor any awarded. This Court is also aware that authority exists for a lump sum award of separate property if special reasons or need exist. McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983). No special reason or need was proved here.
The business must be backed out from the equitable distribution computation. This will affect of course not only the type and amount of distribution, but will affect the monthly income available to the wife because the monthly alimony payment of $855 will be altered. Accordingly, the case is remanded to the trial court for further proceedings in accordance with this opinion. The trial court may, in its discretion, receive further evidence.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.