PER CURIAM.
The former husband appeals from the final judgment of dissolution in which the trial court allowed his former spouse to “retain one-half of the Merrill-Lynch CM A Account currently in her possession.” The trial court’s ruling which vitiated the former husband’s special equity claim but acknowledged the former wife’s claim of a gift is supported by substantial competent evidence. Marsh v. Marsh, 419 So.2d 629 (Fla.1982). The decision rendered by our sister court in Merrill v. Merrill, 357 So.2d 792, 793 (Fla. 1st DCA 1978), is clearly distinguishable because more than “a word or two of testimony by the recipient spouse, to the effect that the other intended a gift,” was put forth into evidence by the former wife in this case. The former husband’s remaining arguments are without merit; accordingly, we will not disturb the trial court’s decision because no abuse of discretion has been shown. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
AFFIRMED.
HOBSON, A.C.J., and RYDER and DAN-AHY, JJ., concur.