PER CURIAM.
The trial judge’s extensive findings which concluded that a contract for the purchase of several condominium units was a disguised usurious mortgage loan will not be disturbed by this court because they are supported by clear and convincing evidence in the record. See Marsh v. Marsh, 419 So.2d 629 (Fla.1982); DuPont Plaza, Inc. v. Samuel Kipnis Family Foundation, 132 So.2d 352 (Fla. 3d DCA 1961), cert. denied, 146 So.2d 382 (Fla.1962).
The evidence shows that (1) appellants (purchasers) and appellees (developers) entered into an agreement for the sale of five condominium units for an alleged precon-struction purchase price of $372,800, whereby the developers were to deliver the apartments within twenty months or, in the alternative, pay the sum of $559,200 to the purchasers — the difference between the two amounts being exactly 30% per an- *613 num[1] for the twenty-month life of the note, (2) the purchase money was not paid into an escrow account as required by Section 718.202(1), Florida Statutes (1983), (3) the proposed units could not be constructed and sold within the twenty-month period contemplated by the agreement, and (4) the developers were required to pay the purchasers a mortgage “finder’s fee” of $36,-200. See Burket v. Johnson, 61 So.2d 197 (Fla.1952) (agreement to purchase property construed as a loan subject to usury penalties); Lee Construction Corp. v. Newman, 143 So.2d 222 (Fla. 3d DCA), cert. denied, 148 So.2d 280 (Fla.1962) (where the lender intentionally charges interest at a rate in excess of that allowed by statute, he is guilty of usury regardless of what device is used to make the transaction appear other than a loan and interest thereon).
Affirmed.

. The appellants were found to have violated Section 687.071(2), Florida Statutes (1983) which provides:
Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum ... shall be guilty of a misdemeanor of the second degree....