468 So.2d 500 (1985)
Michael RABBEN, Appellant,
v.
Jean RABBEN, Appellee.
No. 84-1382.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
*501 Frank H. Peterson, Jr., of Frank H. Peterson, Jr., Chartered, Dunnellon, for appellant.
Michael T. Kovach, Inverness, for appellee.
ORFINGER, Judge.
The former husband appeals from a final judgment of dissolution of marriage, contending that the trial court erred in denying his claim for a special equity in jointly owned real property and in two certificates of deposit.[1] We reverse.
Prior to the marriage of the parties in 1976, the husband owned a home and office building in Pennsylvania, and it is unrebutted that the home in Florida and the two certificates of deposit in question were acquired with the proceeds of the sale of those properties. He testified that he transferred title to the Pennsylvania properties to joint ownership after the parties were married because he was about to undergo cancer surgery and he wanted his wife to have the property if he did not survive. There was no testimony by either party that a gift was intended when the transfer was made. The wife testified only that the transfer was made to their joint names because "I was his wife and it was the proper thing to do and another thing, he wanted to get things settled before he went to the hospital."
The trial court denied the husband's claim for a special equity, found that there had been an executed gift based on "the totality of the circumstances" or alternatively, because the wife had become obligated on the mortgage note on the Pennsylvania home, and further held that another alternative reason for confirming title to the wife would be equitable distribution.
It is unrebutted that all of the consideration for the Florida property and the two certificates of deposit in question, each in the amount of $20,000, came from the husband from a source unconnected with the marital relationship. Upon this unrebutted showing, a special equity is created in the husband, absent contradictory evidence that a gift was intended. Ball v. Ball, 335 So.2d 5 (Fla. 1976). In Marsh v. Marsh, 419 So.2d 629 (Fla. 1982), the supreme court held that on the issue of whether a gift was intended:
When ... the grantor's intent is to be determined from the conflicting testimony of the parties, it is the responsibility of the trial court to evaluate the weight and credibility of that testimony and to arrive at a determination.
419 So.2d at 630.
Findings of fact by a trial court are presumed to be correct and are entitled to the same weight as a jury verdict, Marsh, unless there is a lack of substantial evidence *502 to support the court's conclusion. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976). Here, there is no evidence to support the court's conclusion that a gift was intended when the Pennsylvania property was titled in the joint names of the parties after they were married, so the judgment cannot be supported on that basis. Neither can the finding of a gift be supported by the fact that the wife signed the mortgage on the property in Pennsylvania, because that mortgage was quickly paid off from the proceeds of the sale of that property. Neither can we approve this division as an equitable distribution of marital assets, because as the husband's sole property, the assets are not "marital assets."
Apparently relying on the fact that the wife would be the owner of one half the real and personal property, the trial court denied the wife's claim for alimony, but in view of our holding that the division of property cannot be supported, the question of alimony requires some attention. At the time of the dissolution the husband was 76 years old and the wife was 71. Both are receiving social security benefits. On remand, the trial court should address the needs of the respective spouses and ability of each to respond to the needs of the other. Although we have not been able to find support in the record for a division of the non-marital assets on the grounds asserted, the trial court may wish to consider the use of lump sum alimony as a method of supplying the needs of the wife, should there be a finding that it is needed and justified. This court has held that lump sum alimony, under appropriate circumstances, is still a viable tool for support purposes. Palumbo v. Palumbo, 439 So.2d 232 (Fla. 5th DCA 1983); Lynch v. Lynch, 437 So.2d 234 (Fla. 5th DCA 1983); see also McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983). Where the marital assets are insufficient to provide a needy spouse with resources and income, non-marital assets may be drawn upon to provide alimony for support. Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984).
The final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] After final judgment, the parties stipulated in the trial court that a third certificate of deposit in the amount of $8,995 would be used and applied for the wife's benefit, and this stipulation was confirmed by the trial court. Neither party raises any issue as to the ownership of this certificate of deposit or as to the jurisdiction of the trial court to entertain the stipulation during the pendency of this appeal. Consequently, we address only the issues raised on appeal.