WIGGINTON, Judge.
The wife appeals from a final judgment of dissolution of marriage awarding the husband, inter alia, 50 percent of the parties’ savings account. We reverse.
Prior to the parties’ marriage in December, 1973, the wife received a lump sum payment of $98,000 from a 1972 divorce settlement, $69,437.02 from the sale of her former marital home, and a promissory note in the amount of $262,800 plus interest, representing her half of the business she operated with her former husband. The note was to be paid at the rate of $2,917.67 per month commencing January, 1974, and ending December, 1983. During 1983, the wife also received approximately $12,000 from a disbursement of a trust fund independent of her second marital relationship.
The parties’ marriage lasted for a period of ten years. During that time, they accumulated $126,000 in a joint savings account. According to the wife, the husband’s total financial contribution to the marriage amounted to $55,709.73, or $5,571 per year. In comparison, the wife claimed that she contributed to the marriage approximately $278,557, or $27,855 per year, from the above-mentioned sources.
In her petition for dissolution of marriage, the wife claimed a special equity in the parties’ marital home and the savings account. The husband, in his answer to the petition and in his counter petition, claimed a special equity in the marital home on the basis of assistance in its construction and subsequent improvements. Additionally, the husband, in his answer, claimed a special equity in the savings account. Shortly before the parties’ separation, the wife con *1269 verted to her own name all jointly held assets of value, including the savings account.
In the final judgment of dissolution, the trial court awarded the husband one-half of the savings account along with small items of furniture and his personal possessions. Among other things, the wife was awarded the entire interest in the home, as well as one-half interest in the savings account. The trial court specifically found that although the wife brought substantial income into the marriage from sources unconnected with the marriage, the monies and income of the parties were commingled and treated as joint income and savings throughout the marriage.
On appeal, the wife argues that since the trial court determined that the monies received by her prior to and during the marriage were unconnected with the marital relationship, it erred in not awarding to her a special equity in the savings account, citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and Ball v. Ball, 335 So.2d 5 (Fla.1976). The wife maintains that the funds in the joint savings account could have come only from unspent money received by the wife from sources unconnected with the marriage. Consequently, she argues she enjoyed a special equity interest in those monies and is entitled to receive the savings account in its entirety. On the other hand, the husband argues that the wife’s conduct showed that she intended to treat the savings account as marital property, and that the husband’s financial support aided in the accumulation of the jointly titled funds.
It is uncontroverted that the wife brought into the marriage considerable funds from an independent source; indeed, the trial court recognized as much in its final judgment. Nevertheless, the court either disregarded the wife’s special equity, or determined that a gift was intended by the wife to the husband of those funds, without specifically so finding. On the issue of whether a gift was intended, the supreme court held in Marsh v. Marsh, 419 So.2d 629 (Fla.1982):
When ... the grantor’s intent is to be determined from the conflicting testimony of the parties, it is the responsibility of the trial court to evaluate the weight and credibility of that testimony and to arrive at a determination.
We decline to interpret the trial court’s finding that the funds in the account were commingled to mean that a gift of those funds was intended by the wife. In light of Marsh, and because it appears that the wife contributed funds from sources unconnected with the marriage toward the savings account, that aspect of the final judgment is reversed and remanded to the trial court for the court to take such additional evidence as may be necessary to make a finding that a gift was intended by the wife, or to determine the amount of the wife’s special equity in the savings account in accordance with the formula announced in Landay v. Landay, 429 So.2d 1197 (Fla.1983). Cf. Jones v. Jones, 467 So.2d 813 (Fla. 2d DCA 1985); Rabben v. Rabben, 468 So.2d 500 (Fla. 5th DCA 1985).
THOMPSON and NIMMONS, JJ., concur.