## CALLAWAY v GLASEL
### Case No. 87-22-AP
Fourth Judicial Circuit, Duval County

July 5, 1988

### OPINION OF THE COURT

JOHN S. COX, Circuit Judge.

This is an appeal from a Final Judgment entered by the trial court on April 21, 1987 awarding to the Plaintiff/Appellee, Dean J. Glasel, damages, interest, costs and attorney's fees in the aggregate total sum of $6,044.81.

The parties had executed, on December 17, 1985, a written purchase and sale agreement in which the Appellee, Dean J. Glasel, had agreed to purchase improved real estate owned by the Appellants, Michael A. Callaway and Carol Callaway, his wife. The Buyer (Mr. Glasel) made a binder deposit with the real estate agent of $2,000.00 toward a total purchase price of $175,000.00, agreeing to pay an additional $53,000.00 at closing plus net proceeds of a $120,000.00 proposed new mortgage loan.

The portion of the contract which is pertinent to the controversy between the parties is as follows:

"15. *Financing:* It is agreed that the *Buyer* will require a mortgage loan in order to finance this transaction. The application for such mortgage will be made with a lender selected by the ( .) *Seller* or (X) *Buyer* and unless such mortgage loan is approved without contingencies other than those elsewhere covered in this Agreement within 45 days of the date of acceptance of this Agreement the *Seller* or *Buyer* shall have the right to terminate this Agreement and thereupon the *Agent* will return to the *Buyer* all sums deposited hereunder less any incurred mortgage processing costs and the *Buyer* will return to the *Seller* all the title evidence and surveys received from the *Seller* and the *Buyer's* copy of the Agreement. *Buyer* shall make application for financing within 5 days of the date of acceptance of this Agreement and furnish any and all credit, employment, financial and other information required by the Lender. The *Buyer,* if requested by *Seller* or his *Agent,* will reapply within 5 days at an alternate qualified Lender in the event the original loan application is declined."

On December 16, 1985, the day *before* the contract was accepted by Mr. and Mrs. Callaway, Mr. Glasel applied with American Fletcher Mortgage Company for the necessary mortgage loan. In doing so, Mr. Glasel merely signed a blank loan application, provided certain minimal information and instructed the handling loan officer that she could get any additional financial information she needed to fill out the application from American Fletcher National Bank, the parent corporation of American Fletcher Mortgage Company. Mr. Glasel explained to the loan officer at the time that he did all his banking with American Fletcher National Bank and that he would instruct and authorize that bank to furnish all information that the loan officer might need.

About a month later and on January 17, 1986, the mortgage company loan officer contacted Mr. Glasel requesting information concerning an account he had with a savings and loan institution, which information was not contained in his financial records on file with the American Fletcher National Bank. Such information was given by Mr. Glasel to the loan officer on the same day. Then seven days later, on January 24, 1986, the mortgage company again contacted Mr. Glasel and requested information concerning a line of credit with American Fletcher National Bank. This information was furnished by Mr. Glasel within two days.

The 45 day period provided for in the above quoted paragraph 15 of

140

the purchase and sale agreement expired and Mr. Glasel's mortgage loan application had neither been approved or denied, so on February 6, 1986, he exercised his option under that paragraph of the agreement and demanded return of his $2,000.00 binder deposit. Mr. and Mrs. Callaway informed Mr. Glasel that they would not return the deposit unless and until Glasel could provide specific proof of his good faith effort to obtain financing.

Mr. Glasel, in turn, informed American Fletcher Mortgage Company of the Callaway's demand for proof and asked that company to furnish to the Callaways the necessary proof of his good faith effort to obtain financing so that he could obtain the return of his binder deposit. The mortgage company responded by providing a letter which only set forth the date of the loan application (December 16, 1985) and the date of the loan approval (February 10, 1986), a date subsequent to the running of the 45 day period for securing financing).

Mr. Glasel's efforts to get American Fletcher Mortgage Company to respond more fully to the Callaway's request for proof of his good faith efforts to obtain financing were unsuccessful. So, he contacted the handling real estate agent for the Callaways, advising that he had been unable to obtain from the mortgage company the full information which had been requested by the Callaways and further advising the telephone number of the loan officer with the mortgage company so that the Callaways could call the loan officer and confirm Glasel's unsuccessful attempts to obtain the information requested by the Callaways. The Callaways did not contact such loan officer, but, instead, reiterated their demand for proof of Glasel's good faith effort to obtain mortgage financing. Mr. Glasel's response was the filing of the lawsuit in the trial court for the return of his deposit, plus interest, costs and attorney's fees.

It is well settled that the findings of fact and conclusions of law of a trial judge come to an appellate court clothed in a presumption of validity and correctness. See *Marsh v Marsh,* 419 So.2d 629 (Fla. 1982) and so many other appellate decisions to the same proposition as to make further citation unnecessary.

The learned trial judge quite correctly ruled in this case that the Appellee, Mr. Glasel, had a duty to use reasonable diligence and good faith in an effort to secure mortgage financing. Thus, the only real question presented to this Court is whether there was substantial competent evidence produced at the trial of this cause to warrant the trial judge's conclusion that the greater weight of the evidence at trial showed that the Appellee, Mr. Glasel, *did* use reasonable diligence and

141

exercise good faith in an effort to secure such financing. This appellate court finds from the record presented to it that there *was* sufficient and substantial competent evidence before the trial judge to fully warrant such conclusion. See *Myers v Cunningham,* 415 SO.2d 802 (Fla. 3d DCA 1982). The record further substantiates the trial judge's conclusion that the Appellants, Mr. and Mrs. Callaway, had failed to show bad faith on Mr. Glasel's part.

Accordingly, the Final Judgment entered by the learned Trial Judge on April 21, 1987, which is here on appeal, is hereby affirmed in all respects. This Court further rules that the Appellee, Dean J. Glasel, is entitled to an award of attorney's fees for the services of his attorneys in connection with this appeal. Therefore, this cause is hereby remanded to the trial court for the purpose of awarding to the Appellee, Dean J. Glasel, such appellate attorney's fees as may be found to be appropriate.

Dated at Jacksonville, Duval County, Florida, this 5th day of July, 1988.