PER CURIAM.
The wife appeals an amended final judgment of dissolution. The parties were married in 1980, and jointly own stock in a company which sells marine supplies in the Florida Keys. The wife’s father and mother own the other 50% of this marine supply company, and the wife’s father operates *949 the business. The husband agreed to loan the marine supply business $8,000 to acquire the land and building for operation of the retail store. This money has been paid back in full. The marine supply business has an estimated value of $550,000. The husband never worked for the business. The final judgment of dissolution awarded the wife the family residence, and the husband all their jointly held stock in the marine supply company, which is 50% of this asset.
The wife urges that the trial court erred in awarding a special equity to the husband of the stock. The wife’s name was on the stock certificate. There is no evidence that the stock was other than a gift to the wife. The trial court relied on Ball v. Ball, 335 So.2d 5 (Fla.1976) to support its final judgment and award of the wife’s interest in the stock to the husband. The husband had a limited amount of money invested in the business. The loan was secured by the jointly owned family residence, making the wife an equal investment partner with the husband, and subject to the investment loss if any. The wife received the family residence upon distribution, however must pay all the mortgage, fees and costs. This relieves the husband of any responsibility for the upkeep and financing of the home, yet he remains a 50% tenant in common with the wife. The husband has the wife’s interest in the business for loaning the business $8,000, and in return gets 50% of a business worth $550,000. The wife worked in the business, raised the children, and maintained the family residence while the husband was absent because of an incarceration for drug smuggling. This distribution by the trial court is not only inequitable, Landay v. Landay, 429 So.2d 1197 (Fla.1983), but the evidence fails to overcome the presumption of a gift of the stock to the wife. Walser v. Walser, 473 So.2d 306 (Fla. 2d DCA 1985); Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980); Marti v. Marti, 377 So.2d 1005 (Fla. 3d DCA 1979); Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978).
Therefore we modify the amended judgment of dissolution by striking that portion awarding the wife’s one-quarter interest in the capital stock of the corporation to the husband. In all other respects the said judgment is affirmed.
Affirmed as modified.