327 So.2d 881 (1976)
P.J. CARROLL, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1429.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Horton, Perse & Ginsberg, Miami, for appellant.
Richard E. Gerstein, State Atty., and Carey, Dwyer, Austin, Cole & Selwood, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, P.J. Carroll, Esq., seeks reversal of a judgment of direct criminal contempt and fine of $25.
The Sheraton Beach Resort and its liability insurer, Consolidated Mutual Insurance Company, were named as defendants in a personal injury action and retained Mr. Carroll to represent them. At trial voir dire of the jury began and after questioning by the trial court and the plaintiffs' attorney, Mr. Carroll commenced to ask the jurors such questions as whether they wanted to sock it to the insurance company and whether they had dealings with people who were trying to get money to which they were not entitled. Plaintiffs' objections to these inquiries were sustained. Finally, Mr. Carroll asked one juror whether she wore glasses and whether she was a tripper or faller. At that point the trial judge stopped the voir dire examination and ordered Mr. Carroll and plaintiffs' counsel to his chambers where he asked *882 Mr. Carroll if he could show cause why he should not be held in contempt of court. Mr. Carroll responded that he did not think his questions were improper. Thereupon, the judge found Mr. Carroll in contempt, fined him $25 and declared a mistrial with taxable costs to be assessed against the defendants.
Although a trial court possesses the inherent power to punish for contempt, this power should be exercised cautiously and sparingly. Olds v. State, Fla.App. 1974, 302 So.2d 787.
We find that during appellant's voir dire of the jury he was not cautioned or warned by the trial judge that if he continued with the same manner of questioning he would be cited for criminal contempt. See Kleinfeld v. State, Fla.App. 1972, 270 So.2d 22. Thus, we reverse that part of the judgment finding appellant to be in contempt. We point out, however, that the trial judge, in the exercise of his discretion and control over the voir dire examination of the jury, did not err in terminating the proceedings as a result of appellant's conduct and affirm that portion of the judgment granting a mistrial and assessing costs.
Affirmed in part and reversed in part.