352 So.2d 110 (1977)
T. Hulen RAY, Appellant,
v.
STATE of Florida and the Honorable J. Robert Durden, Appellee.
No. DD-408.
District Court of Appeal of Florida, First District.
November 7, 1977.
Rehearing Denied December 12, 1977.
Arthur H. Gehris, III, of Elliott, Tindell & Gehris, Daytona Beach, T. Hulen Ray, Deland, for appellant.
Robert L. Shevin, Atty. Gen., Charles W. Musgrove, Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
During a criminal trial in which attorney Ray was counsel for one of the defendants, the trial court adjudged him guilty of direct criminal contempt and sentenced him to twenty-four hours in the county jail. Ray contends the trial court erred in failing to recite in its judgment of guilt of contempt the facts upon which he was adjudicated guilty and erred in finding his conduct contemptuous. We agree and reverse.
Fla.R.Crim.P. 3.830 requires that a judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based.
*111 The relevant portions of the judgment adjudicating Ray guilty of contempt are:
"... having been admonished by The Court on several or more occasions, outside the hearing of the jury, for his unjudicious, unethical and intemperate conduct before the court, and the said T. HULEN RAY continuing and persisting in such conduct after repeated warnings, instructions and direct orders of The Court, outside the hearing of the jury and then admonishing the said T. HULEN RAY to refrain from arguing with the Court after several court rulings, and that he defied the Court's explicit orders to cease his professional misconduct... .
"The Court finds the misconduct was not only unprofessional per se but directly contemptuous in that he repeatedly defied the Court's specific orders; and "The Court finds that the trial of this matter has been unduly delayed by the said T. HULEN RAY, and he is in direct contempt of court... ."
The judgment under attack fails to comply with Rule 3.830. It does not recite facts. It recites conclusions. What was the unjudicious, unethical and intemperate conduct of Ray? What was the continuing and persisting conduct of Ray? What warnings, instructions and direct orders did the trial court give Ray? In what way did Ray defy the trial court? What explicit orders did Ray defy? What was the unprofessional conduct of Ray? In what way did Ray unduly delay the trial? Rule 3.830 requires that the judgment set forth these facts. It did not. This was error.
Criminal contempt is a course of conduct calculated to embarrass, hinder or obstruct the court in the administration of justice, or which is calculated to lessen its authority or its dignity. Ex parte Crews, 127 Fla. 381, 173 So. 275 (Fla. 1937). The power to punish for criminal contempt should be exercised cautiously and sparingly. Carroll v. State, 327 So.2d 881 (Fla.3d DCA 1976). It should not be used to avenge personal affronts but to punish assaults or aspersions upon the authority and dignity of the court. Ex parte Earman, 85 Fla. 297, 95 So. 755 (Fla. 1923). As stated in Ex parte Biggers, 85 Fla. 322, 95 So. 763 (Fla. 1923):
"[I]f the matter complained of as constituting contempt, when fairly interpreted, does not have a reasonable tendency to degrade or to embarrass or hinder . . a judge in performing his own duty, or to affect a mind of reasonable fortitude, it is not a criminal contempt for which imprisonment may be lawfully adjudicated, particularly when an intent to offend is denied on oath.
"Generally it is the nature and reasonable tendencies of the matter complained of that controls; and, if the matter is of doubtful tendency or might or might not be considered ambiguous as to its general or specific purpose, the circumstances under which the thing was done or in which its consequences are to appear, may be considered in determining the reasonable tendency of the matter to affect judicial authority or dignity... ."
Although the judgment did not recite the facts upon which Ray was adjudged guilty, we gather from the record that the trial court was of the opinion that Ray argued with it on several of its rulings, attempted to delay the trial, laughed at the court, was scornful of the court, was disrespectful of the court, and directed sarcastic remarks to the court. Ray denied these accusations.
The court gave Ray an opportunity to present excusing or mitigating circumstances. Ray submitted testimony of his co-counsel, two attorneys representing other defendants, and a courtroom spectator who turned out to be a client of Ray. The sum and substance of their testimony was that Ray was not guilty of any of the court's accusations.
The court then called as its witnesses the assistant state attorney who was trying the case for the State and two courtroom spectators who turned out to be the bailiff's wife and the wife of the deputy who worked in the court moving prisoners. They characterized Ray's conduct as disrespectful and sarcastic. They stated he continuously *112 interrupted the court and laughed at the court.
In Krueger v. State, 351 So.2d 47, Opinion filed 2 August 1977 (Fla.3d DCA), the court dealt with the difficult problem of assessing from a transcript the tone and manner of a lawyer's comment to a trial judge. There the trial judge's characterization of the lawyer's comment as "loud, rude, impertinent and thoroughly contemptuous" was held "not objectively supported by the record". In contrast to Krueger, witnesses in the case before us, whose testimony could have been accepted by the trier of fact, characterized Ray's deportment as "wild, discourteous speaking to the court, sarcasm". Yet those characterizations appear inapplicable to the exchanges between the trial judge and Ray which are recorded in the limited transcript, one day's proceedings in a six weeks trial, provided on this appeal. Both the trial judge and the witnesses whose testimony supports the characterizations expressed in the contempt order appear not to address Ray's conduct as explicitly evidenced by the transcript, but rather his course of conduct throughout much of the trial. Even allowing for the inability of a cold trial transcript to record a contemptuous attitude expressed nonverbally, we find no words in the limited transcript which are susceptible to the conclusory characterizations of the trial judge and accusing witnesses.
When as here the characterizations by a trial judge and witnesses give grave cause for concern over a lawyer's deportment, but the contempt order does not evidence particular events to which those characterizations could reasonably apply, we must agree with the court's observation in Krueger, endorsing a California Supreme Court decision, that "such a situation invites caprice" and that our duty is to reverse. Otherwise, the independence of the bar may be compromised by the need to satisfy the personal sensibilities of the trial judge, adversary counsel, and the trial court's support personnel who may be unsympathetic both to the client and the lawyer's cause.
Given a contempt order which sufficiently describes the offensive events at trial, supported by observers' testimony characterizing the accused lawyer's tone and manner in those events, the risk of omitting the full transcript of trial proceedings would properly fall on the appellant lawyer. But where as here the limited transcript supplied is "facially neutral", as in Krueger, and the contempt order omits reference to the particular events which were colored by the lawyer's contemptuous manner, we cannot permit the conviction to be sustained on the strength of the generalized opinions of observers.
The judgment appealed is reversed.
SMITH and ERVIN, JJ., concur.