RAWLS, Judge.
During a criminal trial in which attorney Tanner was counsel for one of the defendants, the trial court adjudged him guilty of direct criminal contempt and sentenced him to 24 hours in the county jail. Tanner contends the trial court erred in failing to recite in its judgment of guilt the facts upon which he was adjudicated guilty of contempt and erred in finding his conduct contemptuous. We agree and reverse.
This court’s recent opinion in Ray v. State, 352 So.2d 110, First DCA Case No. DD-408, opinion filed November 7, 1977, is controlling. Ray involved the contempt proceedings of one of the other defense attorneys in the murder trial from which Tanner’s alleged contempt arose. In Ray, we determined that the trial court committed reversible error by failing to comply with Florida Rule of Criminal Procedure 3.830 which requires that a judgment of guilt shall include a recital of those facts upon which the adjudication of guilt is based.
Here, as in Ray, the judgment adjudicating Tanner of contempt recited conclusions and not the required facts.
The judgment appealed in Case No. DD-394 is REVERSED.
Companion to the issues in Case No. DD-394 is the petition for writ of habeas corpus filed by Tanner in Case No. DD-363. Tanner’s petition for writ of habeas corpus is granted with directions that he be discharged.
McCORD, C. J., and SMITH, J., concur.