DOWNEY, Judge.
Bailey seeks review of an order holding him in contempt of court and fining him $500 for failure to appear at the scheduled criminal trial of his client, William A. August.
It appears that Bailey’s client, August, was scheduled for trial on November 17, 1983. Bailey advised the court that he had business out of town on the sixteenth, seventeenth and eighteenth of November. However, the court advised him that criminal trials take precedence over other business and placed the case on one hour call. On the fifteenth, the court notified Bailey his case was number four and the court could not release him from the trial date. In any event, Bailey learned on Wednesday, November 16, that his case would start on the next day, Thursday the seventeenth. Bailey was scheduled to leave for New York so he conferred with James Bon-figlio, a lawyer who shared office space with him, who agreed to handle the case the following day. Bonfiglio was a lawyer with experience in criminal practice and, although the charges were quite serious, both he and Bailey felt this case was not too complex to handle on such short notice. Bailey’s secretary notified the client, August, that Bailey would be out of town but that Mr. Bonfiglio would handle the case. Thereafter, Bonfiglio spent several hours conferring with August, and August appeared perfectly content with that arrangement until the next morning at trial when he stated he would prefer not to go to trial without Bailey. The trial judge advised *526 August that he had a right to have Bailey handle his trial and continued the case. Thereupon, the trial judge issued a rule to show cause why Bailey should not be held in contempt of court for failure to attend the trial. At the hearing thereon Bailey testified that he intended no disrespect for the court and that he had made arrangements for his case to be adequately handled if it came to trial in his absence. While the charges were serious, both he and Bonfigilio felt the case was not so complex that the latter could not handle it on short notice. Finally, Bailey was of the impression that August had no objections to this manner of disposition.
Bailey contends, and we agree, that this record fails to demonstrate any intent to disobey the court or in any way to degrade, embarrass or hinder the due administration of justice. Bailey did not act in a willfully stubborn manner, he did not ignore the trial date, nor was there any evidence of a pattern of such conduct. The standards for determining contemptuous conduct in this setting are set forth in Thompson v. State, 427 So.2d 341 (Fla. 1st DCA 1983), and the cases cited therein.
We do not reverse this case lightly as we are most sympathetic to the conscientious efforts of trial judges to expedite their dockets which is often a difficult and frustrating exercise. However, “the power to punish for criminal contempt should be exercised cautiously and sparingly.” Ray v. State, 352 So.2d 110 (Fla. 1st DCA 1977). We are constrained to hold contempt of court was not shown by this record.
Accordingly, we reverse the order. appealed from.
GLICKSTEIN and WALDEN, JJ., concur.