PER CURIAM.
Appellant, as counsel for the petitioner, appeals from an order of the trial court finding him in contempt of court and assessing a fine of $50.
On May 2, 1986, appellant, as attorney for the St. Lucie County Sheriff’s Department, requested and received a trial date for this forfeiture action the following week. Appellant appeared at the appointed time and advised the court that he could not proceed because the petitioner’s key witness was unavailable. Appellant had tried to subpoena the witness but was unable to locate him due to the witness’s change of address. Appellant thereupon moved for a voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(a). However, the trial court admonished appellant that he was trifling with the court’s time and adjudicated him in contempt of court and fined him $50.
As has been said before, “[t]he power to punish for criminal contempt should be exercised cautiously and sparingly.” Ray v. State, 352 So.2d 110, 111 (Fla. 1st DCA 1977). See also Bailey v. State, 460 So.2d 525 (Fla. 4th DCA 1984). It should not be used to avenge personal affronts, but to punish assaults or aspersions upon the authority and dignity of the court. Ray, 352 So.2d at 111.
We have carefully considered the scenario presented here and are convinced that no showing has been made that appellant had any intention to embarass, hinder or obstruct the court in the administration of justice or in any way lessen its dignity. Accordingly, we fail to find a sufficient *739 basis in the record for the action taken by the trial court. The order appealed from is therefore reversed.
DOWNEY, ANSTEAD and STONE, JJ., concur.