## SEGREST v STATE OF FLORIDA

### Case No. 87-235-CF

Fifth Judicial Circuit, Citrus County, Florida

December 29, 1987

**APPEARANCES OF COUNSEL**

**Thomas E. Slaymaker** for appellant.

No appearance for appellee.

Before LOCKETT, THURMAN, McNEAL, JJ.

**OPINION OF THE COURT**

McNEAL, R., Judge.

Appellant, William Douglas Segrest, appealed a judgment of direct criminal contempt entered by the county court and a sentence of sixty days in the county jail. Appellee, State of Florida, did not appear. Appellant argues the summary procedure employed by the trial judge

violated procedural due process and appellant's actions were insufficient proof of contempt. Upon reviewing the record we hold the summary procedure used by the trial judge in compliance with Rule 3.830, *Florida Rules of Criminal Procedure* was constitutional. We further hold the record supports the court's conclusions that shouting the word "bull" in response to a witness' testimony is contemptuous conduct. The judgment and sentence are therefore affirmed.

Appellant said the word "bull" during a police officer's direct testimony describing appellant's actions at the time of arrest. The trial judge immediately excused the jury, conducted a summary proceeding and found appellant in contempt of court. Summary proceedings are authorized when the offending conduct occurs in the actual presence of the court to facilitate the orderly administration of justice and to permit the judge to maintain control over the trial. *Krueger v. State,* 351 So.2d 47, 49 (Fla. 3d DCA 1977). The trial court must follow the procedures set out in Rule 3.830, *Florida Rules of Criminal Procedure* to insure due process to the accused. Six steps are required:

1. Direct criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court.

2. The judgment of guilt shall recite the facts upon which the adjudication of guilt is based.

3. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against him and inquire whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor.

4. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances.

5. The judgment shall be signed by the judge and entered of record.

6. The sentence shall be pronounced in open court.

*Fisher v. State,* 482 So.2d 587, 588 (Fla. 1st DCA 1986). Here, the trial court followed each step.

A finding of contempt comes to the appellate court clothed with a presumption of correctness. *Krueger v. State,* 351 So.2d 47 (Fla. 3d DCA 1977). In the instant case the trial court found appellant "shouted 'bull' in response to an officer's trial testimony while jury was present." Appellant contends his remark was uttered to let his lawyer know the officer was lying. The trial judge described it as a shout. Clearly the word was spoken loudly enough to be picked up by the

electronic recording device and was heard by the judge and presumably by the jury. A statement made by an accused during the course of the trial must be viewed in the context in which it is made. If it appears to degrade the dignity of the court proceedings, it may be deemed contemptuous. *Martinez v. State,* 339 So.2d 1123 (Fla. 1976). The record supports the finding of direct criminal contempt.

However, the enormous power to summarily punish contempt should be used cautiously and sparingly. *Ray v. State,* 352 So.2d 110 (Fla. 1st DCA 1977), *Carroll v. State,* 327 So.2d 881 (Fla. 3d DCA 1976). Appellant's one exclamation in other courtrooms of this state might have produced nothing more severe than a reprimand or warning, but the law does not require an act to be repeated before it becomes contemptuous. In considering evidence of mitigating circumstances other courts may have recognized the stress a trial causes on all involved, the fact that no profanity was used and the absence of a prior warning. In contempt cases the court should exercise only that power which is necessary to accomplish the end result. *United States v. Wilson,* 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975). The penalty imposed should have some relationship to the nature and enormity of the act complained of and the wrong done to the court. *Martin v. State,* 397 So.2d 1012, 1014 (Fla. 1st DCA 1981). Measuring the infraction in this case against these factors, the sixty day sentence appears excessive. Because the maximum sentence allowed by law for direct contempt of court is six months in the county jail, the sixty day sentence imposed by the trial judge is not subject to review on appeal. *Gallucci v. State,* 371 So.2d 148, 150 (Fla. 4th DCA 1979). Nevertheless, we are compelled to point out that on remand of this case the trial court will have authority to reconsider a motion for mitigation of sentence.

The judgment and sentence are AFFIRMED.

LOCKETT, J. and THURMAN, J., concur.