PER CURIAM.
This is a timely appeal from a final judgment of contempt and fine of $300 which was suspended by the court. On October 10, 1988, the trial court issued an “Order to Assign Appropriate Courtroom Personnel” to the Sheriff of Broward County and other sheriff’s personnel, including appellant, Chief Court Deputy Daniel Dougherty. The order mandated, in pertinent part, that:
ORDERED AND ADJUDGED that the Sheriff of Broward County shall forthwith permanently assign three (3) competent bailiffs to the undersigned Judge Monday thru Friday mornings from 8:30 a.m. until 12:00 noon, courtroom (850), to be used for the transportation of prisoners to and from the court *543 room and for proper administration of the courtroom.
(Emphasis in original.)
On January 31, 1989, appellant assigned three men to the judge’s courtroom — two of the deputies were regularly assigned bailiffs from the court deputy unit and one deputy was a sheriffs office detention deputy. The trial court issued an order to show cause as to why Dougherty should not be held in contempt of court for failing to comply with the October 10 order. Appellant filed a written response recognizing the court’s order, and indicating that he had made his best efforts to comply with the order by providing three competent trained personnel to Judge Futch’s courtroom on the date in question. Dougherty further responded that there was no intentional violation of the court’s order.
At the hearing held on February 1, 1989, appellant further explained that there was insufficient personnel to cover all of the judges and that as a result, he sometimes borrowed detention deputies to help out, as occurred on January 31, 1989.
Given the facts of this case, we find that the trial court erred in finding the appellant in contempt of court. The record does not disclose that type of willful disobedience or intent as is a necessary element of contempt. Tubero v. Ellis, 472 So.2d 548 (Fla. 4th DCA 1985). Further, it has been held that the power to punish for criminal contempt should be exercised cautiously and sparingly “to punish assaults or aspersions upon the authority and dignity of the court.” In re the Forfeiture of 1973 Ford Truck, VIN F15BNC00554, 507 So.2d 738 (Fla. 4th DCA 1987). Given the obvious circumstances of a court deputy’s office having insufficient manpower to service all the judges of the subject court, and the appellant’s response herein, the record does not support a finding of contempt. Accordingly, we reverse the trial court’s finding.
DOWNEY, LETTS and POLEN, JJ., concur.