PER CURIAM.
Appellants, Charles H. Martin, W.H. Martin, and their attorney, Martin L. Garcia, appeal their judgments and sentences for indirect criminal contempt for refusing to comply with a court order. They contend that there was insufficient evidence of intent to act contemptuously and that the trial judge should have disqualified himself from presiding at the contempt hearing pursuant to Rule 3.840(a)(5), Florida Rules of Criminal Procedure. We agree with appellants’ first contention and reverse their convictions. Consequently, there is no need to address their second contention.
This emotionally charged and highly publicized case arose out of an action brought by Pinellas County to enjoin the Martins from any further operations at their two borrow pits. These pits lie next to and within one-quarter and a half mile, respectively, of the Eldridge-Wilde Wellfield, a major source of drinking water for Pinellas County. The county alleged, and subsequent tests confirmed, that the water supply of the Eldridge-Wilde Wellfield was being seriously threatened by noxious and hazardous materials which the Martins had allowed to be dumped in their pits.
On June 7, 1984, an order was entered approving Pinellas County’s plan for removal of the material in the Martins’ Tyler Road pit. The order directed the county to implement the plan immediately. That afternoon county officials and members of the media arrived at the pits with trucks and a front-end loader. The Martins called their attorney, Martin Garcia, and asked his advice on how to proceed.
Garcia immediately attempted to call the judge to set up an emergency hearing, but the telephone line was busy. He assumed that it was busy with calls from the media and that he would not be able to reach the judge’s office for some time. Garcia then decided he needed to determine his clients’ position and consulted with his supervising attorney about the situation. The two men decided the county did not have a right to be on the property with trucks and a front-end loader because they understood the removal plan to require the implementation of certain safeguards before the removal process could commence. In light of the heated emotions of those involved with this case and a previous violent confrontation, the attorneys advised their clients to “tell them to get the hell off your property.” This advice was relayed verbatim by the Martins to the county officials.
The county subsequently filed a motion to hold both the Martins and their attorney in contempt of the June 7 order. A hearing was held on the motion, and the court adjudicated all three men guilty of indirect criminal contempt for intentionally disobeying the order.
We explained contempt in Thomson v. State, 398 So.2d 514, 517 (Fla.2d DCA 1981) as:
An act which is calculated to embarrass, hinder, or obstruct a court in the administration of justice, or which is calculated to lessen its authority or dignity ..., Clein v. State, 52 So.2d 117, 119 (Fla.1950); Ex parte Crews, 127 Fla. 381, 173 So. 275 (1937). Intent is an essential element of contempt. Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla.1953); Young v. Miami Beach Improvement Co., 46 So.2d 26 (Fla.1950); Department of Health & Rehabilitative Services v. State, 338 So.2d 220 (Fla. 4th DCA 1976) ....
Intent, absent a statement thereof or an admission by the accused ... must be inferred from the acts of the accused and *445 the surrounding circumstances, State v. J.T.S., 373 So.2d 418 (Fla.2d DCA 1979); i.e., it must be established by circumstantial evidence. Where circumstantial evidence alone is relied on to establish the commission of a crime or any essential element thereof, it must be inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977).
Appellants neither stated nor admitted any intent to act contemptuously, and the circumstantial evidence in this case is not consistent with any reasonable hypothesis of guilt of contempt of court.
When confronted with the court order, the Martins called Garcia for advice on how to respond. The advice Garcia gave was based on a good faith interpretation of the sequence of the removal plan and a concern for safety. The Martins’ compliance with Garcia’s advice was a logical response to their request of their attorney for interpretation of a legal document. In none of these actions do we find a calculated intent to embarrass, hinder, or obstruct the trial court, or to lessen its authority or dignity. Nor do we find these actions inconsistent with the intent to comply with the court’s order.
Accordingly, we reverse the trial court’s order of contempt and vacate appellants’ sentences.
DANAHY, A.C.J., and SCHOONOVER and HALL, JJ., concur.