PER CURIAM.
Appellant appeals the final judgment of the trial court finding him guilty of indirect criminal contempt. While appellant raised numerous issues in this appeal, we find the evidence of appellant’s intent to act contemptuously insufficient and reverse on that issue alone.
The circumstantial evidence relied upon to establish that appellant’s acts were calculated to embarass, hinder or obstruct the court was insufficient because the evidence of those acts was not inconsistent with any reasonable hypothesis of innocence. Garcia v. Pinellas County, 483 So.2d 443 (Fla. 2d DCA 1986); Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981). We, therefore, reverse.
This matter arose out of a bitter dissolution of marriage action which understandably tried the patience of all involved. It is not necessary to the jurisprudence of this state, nor to our resolution of this appeal, that we restate all of the facts leading to appellant’s subjection to the contempt proceedings below. It is sufficient for the resolution of this appeal to know that appellant was counsel for his attorney/law partner who had fled the jurisdiction of the trial court. A receiver had been appointed to marshal the assets of the parties in the dissolution of marriage action. One of the assets was an airplane owned by appellant’s client. Apparently, the receiver had not been able to locate or take possession of the aircraft. The Southeast Bank of Largo held a lien on the airplane. The order to show cause directed at appellant charged that:
7. That from November, 1984, through December, 1984, RICHARD C. DAVIS did knowingly and intentionally violate Paragraph 3 of the said Order Appointing Receiver, which states:
“The Receiver shall preserve, maintain and defend his possession and property and property and estate, and Respondent, STEPHEN D. HUGHES, and all *1233 persons claiming under him are directed to deliver to the Receiver the property of said Respondent, real or personal, tangible or intangible, and to refrain from molesting or interfering with the receiver in the performance of the powers and duties vested in him.
by attempting to have a lien held by the Southeast Bank on Stephen D. Hughes’ Beachcraft Model A36, Serial No. 3-1649, Reg. N67343 airplane paid off and satisfied, so Stephen D. Hughes could transfer clear title to said aircraft and sell said aircraft. These acts were done without the prior knowledge or consent of Judge Frank H. White or the Receiver, and contrary to Judge White’s Order and the Receiver’s demands thereunder.
The sole evidence relevant to that charge demonstrated only that appellant or his secretary, on his authorization, made inquiry of the Southeast Bank as to the payoff figure for the lien the bank held on the airplane. That information had been requested of appellant by a third party aircraft broker who also was a client of both appellant and his law partner. Appellant did not initiate the inquiry. When the payoff figure was furnished to him, the aircraft broker delivered a check for that amount to appellant for subsequent delivery to the bank. When the bank refused to release its lien, appellant returned the check to its maker. There was no evidence that appellant was otherwise involved with the airplane or its whereabouts. We have little doubt that appellant’s client consistently frustrated a solution to the dissolution proceedings. However, there is no evidence in the record that demonstrates that the allegedly contemptuous acts of appellant in any way hindered the court or the court-appointed receiver. Neither is there evidence that appellant intended those acts to hinder the court or receiver.
Reversed and remanded.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ„ concur.